[L. A. No. 13999. In Bank.—September 14, 1933.]

MERCANTILE INVESTMENT COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

A. L. Abrahams, Frank H. Love and Cooper & Collings for Petitioners.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

Louis N. Whealton, Fred Miller and Raymond J. Kirkpatrick, as *Amici Curiae.*

WASTE, C. J.—Application for a writ of *mandamus* directing the respondent Superior Court to dismiss a pending civil action for an alleged failure of the plaintiff therein to bring the same to trial within the five-year period prescribed in section 583 of the Code of Civil Procedure. Under this section a dismissal is mandatory where there has been a failure to bring the cause to trial within five years after answer filed except where the parties have stipulated in writing that the time may be extended.

The cause which it is here sought to have dismissed was commenced November 5, 1924, the petitioners Townsend and Parkford being named defendants therein. It was continued from time to time and was partially tried on April 12, 1926, at which time a further continuance was found necessary in order to permit the plaintiff to amend his complaint to include the petitioner Mercantile Investment Company as a defendant. Answers to the amended complaint were respectively filed on April 27 and 29, 1926. The cause was thereafter set down for trial on June 28, 1926, at which time it went off calendar and was indefinitely continued upon motion of the defendants, supported by affidavits, to the effect that it should await the decision of a pending appeal in another action involving certain of the parties. The appeal referred to having been decided, plaintiff had the cause set down for trial on October 19, 1931. A few days prior to this latter date, counsel for one of the defendants requested a continuance on the ground that he was engaged in another trial. Pursuant to this request a written stipulation was prepared, signed by counsel for all of the parties to the action, and filed in the respondent court. The stipulation reads: "It is hereby stipulated by and between the plaintiff above named

and defendants [petitioners herein] that the trial of the above entitled action heretofore set for the 19th day of October, 1931, . . . may be continued to and tried on the 10th day of November, 1931, or to such day subsequent thereto as may suit the convenience of the court." In conformity with the foregoing stipulation the trial court continued the trial of the cause to November 10, 1931. Prior to November 10, 1931, counsel for one of the defendants requested a further continuance on the ground that he was engaged in another trial. By reason of such request "the cause was continued, by oral agreement of the attorneys for the parties to November 24, 1931". On November 21, 1931, plaintiff filed his notice of motion for leave to file a third amended complaint. Attached thereto and filed therewith was plaintiff's proposed third amended complaint. Congestion of the calendar precluded the cause from going to trial on November 24th, whereupon the court, of its own motion, continued the trial to February 10, 1932. On February 3, 1932, the respondent court dismissed the action of its own motion. On February 15, 1932, the defendants Parkford and Mercantile Investment Company stipulated in writing that the plaintiff "may file his Third Amended Complaint, and that the answer of said defendants now on file shall be deemed to be the answer to said Third Amended Complaint". Subsequent to the filing of this stipulation and on motion of the plaintiff made under section 473 of the Code of Civil Procedure the trial court on April 27, 1932, vacated and set aside the dismissal theretofore entered. Defendants thereupon noticed a motion to dismiss, which was denied May 20, 1932. This proceeding in *mandamus* to compel such dismissal followed.

Preliminarily, it should be said that the several continuances, excluding the first one of April, 1926, which was well within the five-year period, and the last one, to suit the convenience of the court, were had not at the request of the plaintiff but at the request of one or more of the defendants who are now seeking to compel a dismissal for delay in the prosecution of the cause. Aside from the legal problem involved, such a course does not appeal to our sense of propriety. However, the authorities tend to indi-

cate that petitioners are correct in their conclusion that a stipulation to effectively extend the time for trial beyond the five-year period, whether made before or after the expiration of such period, must be in writing. (Sec. 583, Code Civ. Proc.; *Miller & Lux* v. *Superior Court,* 192 Cal. 333–341 [219 Pac. 1006]; *Pacific States Corp.* v. *Grant,* 87 Cal. App. 108 [261 Pac. 1100].) ■ The only written stipulation here involved quoted above, extended the time for trial to November 10, 1931, unless the "convenience of the court" required a further continuance. It necessarily follows that the subsequent oral stipulation extending the time for trial beyond November 10, 1931, and intended only to suit the convenience of parties, may not be set up in opposition to a motion to dismiss or to a proceeding to compel such dismissal, even though initiated by the parties now seeking to compel the dismissal.

■ This is not, however, determinative of the present proceeding. It is settled that the five-year period prescribed in section 583, *supra,* "begins to date from the legal filing of the last answer or pleading which becomes a part and parcel of the defendants' answer". (*Southern Pac. Co.* v. *Superior Court,* 69 Cal. App. 106, 111 [230 Pac. 952].) In view of the written stipulation of February 15, 1932, above referred to, consenting to the filing of plaintiff's third amended complaint, a copy of which complaint was actually filed in the respondent court on November 21, 1931, in connection with the motion for leave to file same, it is immediately apparent that the cause sought to be dismissed will go to trial on such third amended complaint and the answers thereto. The stipulation provided further that the answers then on file should be deemed answers to such third amended complaint. This being so, and under the decision last above quoted from, we are of the opinion that the five-year period prescribed in section 583, *supra,* commenced to run from the date of the filing of such third amended complaint, viz., November 21, 1931, and will not expire until November 21, 1936. It would be hypertechnical to conclude that such third amended complaint has not, as yet, been formally filed. For all practical purposes, in view of the subsequent written stipulation agreeing that it might be filed, the third amended complaint should be

deemed to have been filed when submitted and filed with the motion. To require a second and formal filing under the circumstances above recited would be to require a useless and idle act. What has been said would appear to be fatal, at least, to the claims of the petitioners Parkford and Mercantile Investment Company, parties to the stipulation agreeing to the filing of the third amended complaint.

There is an additional reason, applicable alike to all the petitioners herein, suggesting the denial of a writ of mandate to compel a dismissal. That portion of section 583, *supra,* relied on by petitioners has application to such cases only as are not brought to trial within five years after answer filed. The chronological history of the cause which it is here sought to have dismissed shows that the action was commenced November 5, 1924, and *was partially tried* on April 12, 1926, within two years after its commencement. The mandatory provisions of section 583, *supra,* are therefore without application. In *Allyne* v. *Superior Court,* 200 Cal. 661, 664 [254 Pac. 564], it is declared: "The plain and obvious purpose of the foregoing section [583, Code Civ. Proc.] is to regulate the matter of compulsory dismissals only under one set of circumstances, to-wit, where an answer has been filed and the action has not been brought to trial within five years thereafter. . . . Section 583 was intended, no doubt, to compel expedition in the trial and disposition of causes. While this is admittedly so, we find no warrant in its language that would justify us in reading into the section words which would clearly compel a dismissal if an action be not retried within five years after a new trial has been granted. The words of the section are to be interpreted according to their common acceptance."

Though the factual situation presented in the quoted case differs from that here involved, the principle of law there laid down is equally applicable here, viz., section 583, *supra,* purports to cover such cases only as are not brought to trial within five years after answer filed. The cause which it is here sought to have dismissed was tried, though only partially, within the five-year period. The section is without application to the circumstances with which we are here confronted. It is not our province to read words into the statute in order to cause it to cover a situation where

there has been a trial, though incomplete, within five years after answer filed.

The alternative writ is discharged and the petition is denied.

Shenk, J., Preston, J., Curtis, J., Langdon, J., Thompson, J., and Seawell, J., concurred.