[S. F. No. 14999.   In Bank.—April 22, 1935.]

T. G. McCREARY et al., Appellants, v. MARY E. FAL-
CONER et al., Defendants; HARRY J. BIAS et al.,
Respondents.

[redacted]

Rittenhouse & Snyder for Appellants.

Harry J. Bias, *in pro. per.*, Paul F. Fratessa and Stanislaus A. Riley for Respondents.

PRESTON, J.—Plaintiffs appeal from judgment rendered against them in an action in interpleader.

On November 26, 1919, defendant May Bland Falconer executed to City Savings Bank of Santa Cruz, her $6,000 promissory note, secured by trust deed, wherein these plaintiffs were named as trustees. Plaintiffs were at said time officials of the bank, being respectively treasurer and president thereof. It appears that their service in the capacity of trustees was purely nominal. All matters of every kind connected with the transaction were handled by the bank's then attorney, Ralph H. Smith. In the name of the trustees he instituted and carried on the proceedings next hereinafter described:

On demand of the bank, after default of the debtor, upon notice and all legal steps duly taken, and on April 27, 1922, he caused the property covered by the trust deed to be sold to satisfy said indebtedness. This property was purchased by one Jansen for $12,250, which sum was turned over to Smith on behalf of said trustees. After applying it to satisfy the indebtedness, costs of sale and other expenses, there remained in the hands of Smith $3,328.62, in the distribution of which amount various persons claimed a right to participate. Therefore, on March 16, 1923, this action in interpleader was instituted. A complaint was prepared and filed by Smith wherein the trustees were named as plaintiffs and said debtor and other persons claiming an interest in said residue were named as defendants. After setting forth the facts relative to foreclosure of the trust

deed and plaintiffs' inability to determine the respective interests of the defendants, if any, to said residue, said pleading alleged: "Plaintiffs herewith pay into court . . . $3328.62 which . . . shall be subject to payment to the parties entitled thereto according to the order of court herein to be made," and it was prayed that defendants be required to litigate among themselves their several respective claims to the fund and that it then be distributed pursuant to order and judgment of the court.

According to testimony later given by the county clerk at the time Mr. Smith filed said complaint, he handed the clerk his personal check for $3,328.62 but failed to explain its connection with the filing of the action. The clerk placed the check in the money drawer, where it remained until the death of Smith, hereafter referred to, awaiting Smith's explanation of its purpose.

On July 3, 1923, defendant Frey filed an answer, asserting his claim to said sum. On January 7, 1925, defendant Bias filed an answer and cross-complaint, asserting his claim thereto. On March 28, 1928, Smith died. In November or December of that year the attention of the county clerk was again called to the check, which had then become valueless by reason of Smith's death. Finally, on October 20, 1930, this cause was called for trial. On November 17, 1930, the court permitted plaintiffs to file an amendment to their complaint, alleging that neither of them had ever received said sum of money and that it had never been deposited in court. On said date, also, plaintiffs moved to be dismissed from the action on the ground that the court had lost jurisdiction because of the lapse of more than five years after filing of the last answer. (Sec. 583, Code Civ. Proc.) This motion was never decided and the trial was never completed by reason of resignation of the trial judge.

The cause next came on for hearing on October 21, 1931. The amendment to the complaint of November 17, 1930, was withdrawn and the action was dismissed as to all defendants save said answering defendants, Bias and Frey, who stipulated that defendant Bias was entitled to $1,828.62 of said sum and defendant Frey to the other $1,500 thereof, each to receive half the interest due on the alleged court deposit and each to pay his own costs. Evidence was then taken. Among other testimony was that of·plaintiffs to the effect that at all times until after Smith's death they believed that

said money was actually paid into court. They also renewed their motion for dismissal (sec. 583, Code Civ. Proc.) and it was denied. Some time after close of the trial, to wit: on January 15, 1932, the court ordered that the executrix of the estate of said Smith, deceased, be made an additional party to the action (sec. 389, Code Civ. Proc.) and that the complaint be amended to set forth the interest of said estate therein. Thereafter, and on February 29, 1932, plaintiffs filed a second and supplemental complaint setting forth the part played by Smith in this transaction and his failure to make the court deposit, by reason of which said sum came into the possession of his estate, further alleging that on February 6, 1929, plaintiffs caused to be filed in said estate a claim to establish said sum as a trust fund to be deposited in court or distributed to the persons shown by this action to be properly entitled thereto. So far as the record shows this claim has not been acted upon in said estate, being neither accepted nor rejected. The prayer of said supplemental complaint was that plaintiffs be dismissed from the action and that proper award be made to defendants on said estate claim.

To this supplemental pleading defendants Frey and Bias filed separate answers alleging that Smith had received said residue as attorney and agent for plaintiffs and hence they were personally accountable to defendants therefor, without regard to their ability to collect from said estate. No hearing was had on the issues tendered by these supplemental pleadings. The court made an order dismissing the action as to said executrix of the Smith estate and thereafter, on October 6, 1932, made findings in accord with the allegations of said supplemental answers, followed by judgment awarding said $3,328.62 to said answering defendants in the respective proportions to which their stipulation entitled them. The trial court had theretofore, on August 15, 1932, filed a written memorandum stating his conclusion that defendants were not in privity, either of contract or otherwise, with said Smith, and his tortious act in failing to make said deposit could in nowise prejudice their right to receive said fund from plaintiffs; that this situation, so far as plaintiffs are concerned, is deplorable but Smith was selected by them as their attorney and agent and they must look exclusively to his estate for such relief as may be available.

From said judgment plaintiffs appealed, urging three grounds for relief: (1) That an affirmative judgment cannot be given against a plaintiff in an action in interpleader; (2) that upon the filing of said amended pleadings, bringing in new parties, the court erred in giving judgment solely on evidence adduced prior thereto, without taking of new testimony or resubmission of the cause; and (3) that under mandatory provisions of section 583 of the Code of Civil Procedure, prior to 1933 amendment, it was incumbent upon the court to dismiss the action because not brought to trial within five years after answer filed. These contentions will be disposed of in the order named.

█ (1) This claim falls before the fact that the fund disposed of by the judgment was held by appellants through their agent and attorney Smith. In this behalf the above-mentioned analysis of the case by the trial court is correct. Appellants cannot avoid the consequences of their conduct in delegating all their duties as trustees to their said agent and attorney. Had he followed the customary procedure of depositing the fund in court to await decision in the case, appellants would have been exempt from a personal judgment. The act of said agent in holding the fund became the act of appellants and the situation is the same as if they themselves had possession thereof. █ The judgment is not rightly denominated an affirmative judgment against appellants as it goes merely to distribution of the fund held by them, in which they have disclaimed any interest. It is a proper judgment in an equitable action in interpleader, according appellants the relief prayed for, to wit: litigation by defendants of their several claims to said fund and order for its proper distribution. Furthermore, appellants are not prejudiced by this holding as, having no right to the fund themselves, they would in any event be liable therefor were the claimants relegated to separate actions against them for money had and received.

█ (2) Effect of amended pleadings ordering new party brought in. Although the court permitted the filing of these amended pleadings, prior to judgment it ordered dismissal of the new party thereby brought into the action, to wit: the executrix of said Smith estate. No new issue was raised by the amendments and there was no necessity

for further hearing or resubmission of the cause. Likewise there was no failure to find upon all material issues.

■ (3) Dismissal of action under section 583 of the Code of Civil Procedure. It was not incumbent upon the court to dismiss the action, as the running of the five-year period started anew upon the filing of the several amended pleadings. (*Mercantile Investment Co.* v. *Superior Court,* 218 Cal. 770 [25 Pac. (2d) 12].)

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.