[Civ. No. 5666.   Third Appellate District.—July 2, 1936.]

B. B. KRASNOW, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

Levinsky & Jones and James C. Nichols for Petitioner.

Thomas B. Leeper for Respondents.

THE COURT.—This cause was originally before us upon the application of the above named petitioner for a writ of prohibition restraining and preventing the Superior Court of the County of Sacramento and the Honorable Dal M. Lemmon, as Judge thereof, from proceeding with the trial of a certain case therein pending entitled *"Chan Buck Sun* v. *Bessie Haines, B. B. Krasnow et al."*, and numbered 43409.

Upon the hearing of this petition this court entered its order denying the same, and in doing so acted on the assumption that the cause of *Chan Buck Sun* v. *Bessie Haines et al.*, having been partially tried, had been submitted for decision, and that the submission was set aside on the 26th day of September, 1932, and an order made that said cause be reset for trial.

The record before us discloses the following chronological history of the case: The complaint in action numbered 43409 was filed on or about July 16, 1929, to enforce an alleged stockholders' liability. Thereafter, and on October 31, 1930, and on January 6, 1931, the cause was partially tried. Witnesses were sworn and testified, and documentary evidence introduced, and the plaintiff thereupon rested his case. The cause being partially heard and tried before the Honorable John F. Pullen, then presiding as a judge of the Superior Court in Department No. 4, no testimony appears to have been introduced, further than that on the part of the plaintiff. On January 6, 1931, an order was entered continuing the further trial of said cause to January 21, 1931. On January 21, 1931, the trial of said cause was continued for one week. On January 28, 1931, no order whatever appears to have been made concerning said cause. On March 13, 1931, the cause was dropped from the calendar. On September 26, 1932, an order was made dropping the cause from the calendar, to be reset. No order was then made for resetting the cause for trial. Said cause appears to have been on the calendar to be set for trial on September 18, October 2, and November 19, 1934, and on January 7, and April 16, 1935, on which last date it was dropped from the calendar at the request of an attorney for the plaintiff. Thereafter, the cause was set for trial on April 24, 1936, and continued to May 21, 1936. Outside of the one request by the plaintiff for a continuance of the trial, it does not appear at whose request the orders set forth herein were made.

■ Upon this showing it is contended that the petitioner is entitled to a rehearing herein, and that a writ of prohibition should issue. The contention of the petitioner is based upon certain amendments made to section 583 of the Code of Civil Procedure, which obviates the holding of the Supreme Court in the case of *Mercantile Investment Co.* v. *Superior Court,* 218 Cal. 770 [25 Pac. (2d) 12]. An examination of the amendments made to section 583, *supra,* discloses that the petitioner's contention is not well grounded. The amendments referred to simply changed the time when the five-year period mentioned in the section begins to run, the change being from the time of filing the answer to the time of filing the complaint, and the change with reference to causes where a retrial has been granted. Those questions

are not involved herein. The main point mentioned in the above cited case is not affected by either of the amendments.

That the question before this court has been squarely decided by the Supreme Court appears from the following excerpt which we take from the opinion in the case of *Mercantile Investment Co.* v. *Superior Court, supra,* to wit: "There is an additional reason, applicable alike to all the petitioners herein, suggesting the denial of a writ of mandate to compel a dismissal. That portion of section 583, *supra,* relied on by petitioners, has application to such cases only as are not brought to trial within five years after answer filed. The chronological history of the cause which it is here sought to have dismissed shows that the action was commenced November 5, 1924, and *was partially tried* on April 12, 1926, within two years after its commencement. The mandatory provisions of section 583, *supra,* are therefore without application. In *Allyne* v. *Superior Court,* 200 Cal. 661, 664 [254 Pac. 564], it is declared: 'The plain and obvious purpose of the foregoing section (583, Code Civ. Proc.) is to regulate the matter of compulsory dismissals only under one set of circumstances, to-wit, where an answer has been filed and the action has not been brought to trial within five years thereafter. . . . Section 583 was intended, no doubt, to compel expedition in the trial and disposition of causes. While this is admittedly so, we find no warrant in its language that would justify us in reading into the section words which would clearly compel a dismissal if an action be not retried within five years after a new trial has been granted. The words of the section are to be interpreted according to their common acceptance.' Though the factual situation presented in the quoted case differs from that here involved, the principle of law there laid down is equally applicable here, viz., section 583, *supra,* purports to cover such cases only as are not brought to trial within five years after answer filed. The cause which it is here sought to have dismissed was tried, though only partially, within the five-year period. The section is without application to the circumstances with which we are here confronted. It is not our province to read words into the statute in order to cause it to cover a situation where there has been a trial, though incomplete, within five years after answer filed."

Here the cause has been partially tried within the five-year period, just as was had in the case passed upon by the Su-

preme Court, *supra*. As this court is bound by the decision of the Supreme Court, where the facts are identical, it follows that the denial of the petition was correct in the first instance, even though erroneous reasons may have been given therefor, and consequently the petition for a rehearing should be, and the same is hereby, denied.