[Civ. No. 10275. First Appellate District, Division Two.—August 27, 1936.]

DOMINICK MUSSAT et al., Petitioners, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

James M. Thomas for Petitioners.

C. Huntington Jacobs and Paul A. McCarthy for Respondents.

NOURSE, P. J.—This is an original proceeding in *mandamus* to compel the dismissal of an action under section 583 of the Code of Civil Procedure on the ground that the cause had not been brought to trial within five years from the time plaintiff filed his action. A motion to dismiss was duly made to the respondent superior court and denied

upon the ground that the cause was in fact partially tried within the five-year period. The correctness of this finding is the only issue in the controversy between the parties to this proceeding.

The record discloses that the action was one for an accounting and other equitable relief following the dissolution of a copartnership. The complaint was filed on March 20, 1931; an answer and cross-complaint was filed on April 14, 1931. A referee was appointed on September 17, 1931, to take an accounting. The cause was regularly called for trial on January 16, 1932, when counsel for both sides stated the issues and the case was continued to March 9, 1932, for ''further trial''. On the latter date the referee's report was offered, the referee was sworn and examined as a witness, and a large number of exhibits were offered and received in evidence. Further continuances were granted and, on February 20, 1933, the appointment of the referee was set aside and his report rejected.

We are satisfied that these partial hearings were sufficient to take the case out of the statute though it may be conceded that, aside from the documentary evidence received, the proceedings may not have contributed materially to a final determination of the issues because of the subsequent rejection of the referee's report. In *Mercantile Investment Co.* v. *Superior Court,* 218 Cal. 770, 774 [25 Pac. (2d) 12], it was held that when a case had been partially tried within the five-year period the statute would not require a dismissal. In *Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333, 342 [219 Pac. 1006], it was suggested that plaintiff could have avoided the statute by merely having one witness sworn before a continuance was granted beyond the five-year period. Upon these authorities the trial court properly denied the motion to dismiss.

The alternative writ is discharged and the petition is denied.

Sturtevant, J., concurred.