[L. A. No. 17296. In Bank.—January 5, 1940.]

CITY OF LOS ANGELES (a Municipal Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Ray L. Chesebro, City Attorney, Leon T. David, Assistant City Attorney, and Franklin W. Peck, Robert W. Anderson, and Robert A. McMillan, Deputies City Attorney for Petitioners.

J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, and Walter L. Bruington for Respondent.

THE COURT.—This is a proceeding in *mandamus* to compel the dismissal of an action under the provisions of section 583 of the Code of Civil Procedure, on the ground that the cause had not been brought to trial within five years from the time the plaintiff in said action had filed its complaint in the Superior Court, and on the further ground that the plaintiff had failed to prosecute the action with due diligence. An alternative writ issued and a demurrer to the petition was interposed by the respondent Superior Court.

From the petition it appears that on August 5, 1931, Crown Body Corporation, Ltd., a corporation, commenced an action in the Superior Court against the City of Los Angeles, its Board of Public Works and the City Engineer to enjoin and restrain the city from operating an asphalt plant within the City of Los Angeles, which said plant was situated on the opposite side of the street from the plaintiff's place of business, the operation thereof allegedly constituting a nuisance. The defendant's answer was a denial of the material allegations of the complaint. After several continuances, on December 28, 1931, the court ordered the said action off calendar. Pursuant to a second motion by the plaintiff the court

set the action for trial, which was continued to January 18, 1932; and at the hearing held on that date the plaintiff appeared in court with several witnesses and proceeded with the introduction of evidence in support of the allegations of the complaint. After one witness—the vice-president of the plaintiff corporation—had testified, and two photographs had been introduced as exhibits, the proceedings in the said action were continued to the following day. When the hearing was resumed on January 19, 1932, and before any further testimony on the part of the plaintiff had been introduced, the defendants in the action suggested that a stipulation be entered into between the parties litigant whereby the action would be continued to a later date for trial and whereby an injunction *pendente lite* would be issued by the court restraining the city from operating the asphalt plant until a dust collector had been installed therein; from allowing sand and gravel to be deposited in the street on which the plant fronted as well as the plaintiff's place of business; and from allowing or causing to be allowed on said street in front of the plant or the plaintiff's premises more than a single line of trucks and trailers such as theretofore had been used by the city in loading or unloading material destined to or proceeding from the said plant. Pursuant to such proposal by the defendant's attorneys, a stipulation to the effect hereinbefore outlined was entered into by the parties to the action. Following the execution of the stipulation the court made the following minute order:

"Trial of cause resumed with all parties present as before. It is stipulated that an injunction *pendente lite* issue to enjoin the operation of the asphalt plant in question; that plaintiff may file an amended or supplemental complaint; stating a new cause of action as to the reconstructed plant at the present location; that the injunction limit defendants trucks to one line formation about the premises in the streets; . . ."

An order of the court was thereupon entered which, in substance, followed the provisions of the stipulation. For purposes of trial, the action was continued to April 23, 1932, on which date the cause was again ordered off the calendar,—at which time the court made a minute order which recited that "On *stipulation,* cause is ordered off calendar and the 'preliminary injunction' *pendente lite* is ordered *in full force and effect* until cause is tried." (Emphasis added.)

Thereafter, the following proceedings took place: On October 20, 1937, the plaintiff filed a motion to set the action for trial. On October 22, 1937, by means of a motion therefor the defendants sought to procure a dismissal of the action specifically under the provisions of section 583, Code of Civil Procedure; on October 23, 1937, the plaintiff filed another motion to set the cause for trial; and on October 27, 1937, the motion to dismiss was denied without prejudice. On November 4, 1937, the defendants filed another motion to dismiss the action, which motion was denied on November 10, 1937. Thereafter, and on February 1, 1938, the action was set for hearing on the pretrial calendar of respondent court and, on February 8, 1938, after a pretrial hearing had been held, the cause was again placed off calendar. On April 28, 1939, a third motion to dismiss the action was made by the defendants therein, which was accompanied by a motion to dissolve the preliminary injunction "on the ground that no bond was ever posted by plaintiff on the granting of the 'preliminary injunction' ". On May 3, 1939, each of those two motions was denied with prejudice. It further appears that on June 28, 1939, the defendants caused to be filed another motion to dismiss the action,—which motion again was based on the specific ground that, within the meaning of the second sentence of section 583, said action was not brought to trial within five years after it had been commenced. The pertinent language of said section is as follows: " . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is *brought to trial* within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." (Emphasis added.)

Following the denial of the last of said motions the defendants sought a writ of mandate to compel the Superior Court to dismiss the action and to refrain from taking any further steps either therein or in specified contempt proceedings then pending against them in connection therewith.

■ The principal contention of the petitioners herein is that the action was not "brought to trial" within the five-year period provided for by section 583, Code of Civil Procedure, by reason of the fact that, assertedly, the hearing

that was held on the issuance of the "preliminary injunction" did not constitute a trial within the meaning of the provisions of that section. Although in the case of *Superior Oil Co.* v. *Superior Court,* 6 Cal. (2d) 113 [56 Pac. (2d) 950], it was ruled that an ordinary hearing on affidavits in connection with an order to show cause as to why a preliminary injunction should not be granted is not a trial within the meaning of the provisions of section 583, Code of Civil Procedure,—in the instant case it is shown by the record that the procedure outlined by statute as incidental to the procuring of a preliminary injunction was not adopted or followed by the plaintiff in the proceedings had in the Superior Court. Nor does it appear that at or prior to the time the proceedings were had on January 18 and 19, 1932, the plaintiff was seeking to procure the issuance of a preliminary injunction, or that the plaintiff intended to do anything other than to proceed to a trial on the merits. The hearing date in the action was secured by means of a motion to set "for trial"; on the date of trial, January 18, 1932, as above has been indicated, the parties were present in court; and several proposed witnesses for the plaintiff likewise were in attendance. Thereupon, the plaintiff proceeded with the production of evidence in support of the allegations of the complaint; and in the course thereof one of its officers gave testimony in connection with which he identified two photographs as exhibits in the case. ■ And although the consent order which was issued by the court on stipulation of the parties was subsequently referred to, by both the court and counsel, as a "preliminary injunction",—as far as the statutory procedure is concerned with respect to procuring the usual preliminary injunction, the order was not made pursuant to such proceedings. Contrary to the situation which prevailed in the case entitled *Superior Oil Co.* v. *Superior Court, supra,* in the instant case no hearing was had on an order to show cause. In the cited case no oral evidence was introduced or permitted at the hearing, but the court required the parties to make their showing by affidavits.

The record further shows that it was the contention of the respondent Superior Court that the proceedings held on January 18 and 19, 1932, amounted to a *partial* trial of the action on the merits. In that connection it is argued that the five-year limitation in which an action must be brought to trial

after filing of a complaint, as provided for by section 583, Code of Civil Procedure,—except where the parties have stipulated that the time may be extended,—was not applicable to the circumstances shown to have existed in this case and, therefore, that the court's orders denying the motion to dismiss were not improper. Under the authorities to be cited hereinafter, the conclusion which was reached by the trial court must be upheld.

In an action for an accounting, entitled *Mussat* v. *Superior Court*, 16 Cal. App. (2d) 291 [60 Pac. (2d) 323], a referee had been appointed to take such accounting; the cause was set for trial and on the date thereof was continued for further trial, at which time the referee's report was offered and he testified as a witness; documentary evidence also was received; but thereafter the appointment of the referee was set aside and his report was rejected. Under those circumstances, it was held that a motion to dismiss the action because of failure to bring it to trial within the statutory period of five years had been properly denied. There the court said: "We are satisfied that these partial hearings were sufficient to take the case out of the statute though it may be conceded that, aside from the documentary evidence received, the proceedings may not have contributed materially to a final determination of the issues because of the subsequent rejection of the referee's report. In *Mercantile Investment Co.* v. *Superior Court*, 218 Cal. 770 [25 Pac. (2d) 12], . . . it was held that when a case had been partially tried within the five-year period the statute would not require a dismissal. In *Miller & Lux, Inc.,* v. *Superior Court*, 192 Cal. 333, 342 [219 Pac. 1006], it was suggested that plaintiff could have avoided the statute by merely having one witness sworn before a continuance was granted beyond the five-year period. Upon these authorities the trial court properly denied the motion to dismiss."

To the same effect is the case entitled *Krasnow* v. *Superior Court*, 15 Cal. App. (2d) 141 [59 Pac. (2d) 442], where the petitioner sought a rehearing following the denial of a petition for a writ of prohibition to restrain the Superior Court from proceeding with the trial of an action, and where the matter was *partially* tried a little less than two years after the complaint was filed. There, also, the court said: "That the question before this court has been squarely decided by the Supreme Court appears from the following excerpt which

we take from the opinion in the case of *Mercantile Investment Co.* v. *Superior Court, supra,* to-wit: 'There is an additional reason, applicable alike to all the petitioners herein, suggesting the denial of a writ of mandate to compel a dismissal. That portion of section 583, *supra* [Code Civ. Proc.], relied on by petitioners, has application to such cases only as are not brought to trial within five years after answer filed. The chronological history of the cause which it is here sought to have dismissed shows that the action was commenced November 5, 1924, and *was partially tried* on April 12, 1926, within two years after its commencement. The mandatory provisions of section 583, *supra,* are therefore *without application. . . .* The cause which it is here sought to have dismissed was tried, though only partially, within the five-year period. The section is without application to the circumstances with which we are here confronted. It is not our province to read words into the statute in order to cause it to cover a situation where there has been a trial, though incomplete, within five years . . . ' Here the cause has been partially tried within the five-year period, just as was had in the case passed upon by the Supreme Court, *supra.*" (Emphasis added.) See, also, *Allyne* v. *Superior Court,* 200 Cal. 661 [254 Pac. 564]; *Mercantile Invest. Co.* v. *Superior Court,* 218 Cal. 770 [25 Pac. (2d) 12], and *Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333, 342 [219 Pac. 1006].

 With regard to the further contention of the petitioners herein to the effect that even if it be assumed that the case had been partially tried so that the five-year limitation provided for in section 583, Code of Civil Procedure, would not be considered applicable to the circumstances of this case,—nevertheless, it should be held that under other provisions of that section, the Superior Court had abused its discretion in that regard by not ruling that the plaintiff had failed to prosecute the action with reasonable diligence. However, it appears from an excerpt of the proceedings had on January 18, 1932, and which is made a part of the instant petition, that the testimony given by the vice-president of the plaintiff corporation was to the general effect that offensive odors, smoke and dust were emitted during the operation of the plant of the defendants and had entered the plaintiff's place of business to such an extent as to constitute a nuisance; also that the street on which both the asphalt plant and the plaintiff's place of business abutted had been al-

lowed by the defendant city to become congested with automobile trucks used in connection with the asphalt plant to such an extent as to hamper or interfere with the conduct of the plaintiff's business. Following the introduction of that testimony, and when the hearing was resumed on January 19, 1932, counsel for the defendant city stated that the defendants were willing to stipulate that the operation of the asphalt plant might be enjoined,—one of the reasons therefor being that the plant as then equipped was no longer in operation, but was in the course of being dismantled, preparatory to the installation of new machinery or equipment, "for the avowed purpose of taking care of any dust or smoke nuisance that has heretofore occurred in the operation of the plant"; that the defendants were ready and willing to offer evidence to that effect, and were ready to "allow any order of this court to be made enjoining the operation of this plant under its present condition; [or to] abate the thing absolutely as far as its present method of operation is concerned". It was also stated that the city had nothing to gain by trying the action, as it was not then operating the plant, and that it desired to avoid further court costs. In the light of the stipulation that was thereupon entered into by the parties in the Superior Court action, and considering the various court proceedings that had taken place in the course of the litigation, together with the reasons asserted by the city for desiring that the said stipulation be entered into,—as well as the further fact that the cause then pending before the court was an equitable action,—it cannot be said that the court abused its discretion in denying the motions to dismiss.

Nor is it the opinion of this court that the petitioners may now complain of the fact that no bond was filed at the time the injunctive order was entered. In view of the facts and circumstances which gave rise to the execution of the stipulation, and considering the length of time which had elapsed during which no complaint was made by the petitioners concerning the lack of any bond, they must be deemed to have waived any rights which theretofore they may have had in that regard.

The demurrer is sustained, the alternative writ discharged and a peremptory writ denied.