[Civ. No. 24489.   First Dist., Div. Three.   Mar. 19, 1969.]

LOUIS KARRAS et al., Plaintiffs and Appellants, v. WESTERN TITLE INSURANCE COMPANY,* Defendant and Respondent.

*Defendant Western Title Insurance Company was originally sued under the name of Title Insurance and Guaranty Company.

Morgan & Moscone and Charles O. Morgan, Jr., for Plaintiffs and Appellants.

Roy L. Alley and Peter L. Townsend for Defendant and Respondent.

BROWN (H. C.), J.—This action was originally commenced in 1950 and a judgment of dismissal for lack of prosecution was entered by the trial court in 1966. Appellants claim an abuse of discretion.

Appellants (plaintiffs) in their complaint filed in 1950 sought to recover damages against respondent, a title insurance company, for breach of escrow duties.

The facts: Appellants and J. R. and Vera Ryan entered into a written contract whereby appellants agreed to transfer their interest in a hotel business and their interest in shares of stock in a realty company to the Ryans in exchange for the Ryans' interest in another hotel building. An escrow was opened in the Title Insurance and Guaranty Company (the respondent). The Ryans deposited in this escrow a note in the sum of $9,600 executed by Charles and John Herndon and duly endorsed by the Ryans. Prior to the close of the escrow respondent escrow holder, without the consent of appellants, permitted this note to be withdrawn. In its place the Ryans deposited their own note in like sum and terms.

In 1950, appellants brought this action against respondent to recover damages for respondent's breach of its duty as escrow holder in allowing J. R. Ryan to withdraw the Herndon note. The action was tried in 1951 and the trial court held in favor of respondent upon the theory that no escrow had been established and that the title company had held the note as Ryan's agent rather than as escrow agent for all parties, and that it therefore acted properly in returning the note to Ryan. The Court of Appeal reversed that judgment, holding that respondent had undertaken to act as escrow agent for all

parties and that it breached its duty to appellants by returning the Herndon note to Ryan. (*Karras* v. *Title Ins. & Guar. Co.*, 118 Cal.App.2d 659 [258 P.2d 866].) However, since no evidence had been produced in the trial court to establish that the Herndon note was collectible, or that the Ryan note was not collectible, the Court of Appeal remanded the action for a new trial, pointing out that appellants were not damaged if the Herndon note was uncollectible or the Ryan note collectible. This reversal by the Court of Appeal was entered on June 24, 1953.

Appellants took no steps to bring the action to a retrial until July 17, 1956. Thereafter the trial had several interruptions, and at the session of August 22, 1956, the plaintiffs' (now appellants) case was complete except for cross-examination of their last witness by defense counsel. At this session on August 22, 1956, respondent's attorney offered in evidence the file in action No. 401282 (another action) and for handwriting-comparison purposes a power of attorney executed by Vera Ryan before a notary public to establish that Mrs. Ryan's endorsement on the Herndon note that had been removed from the escrow was a forgery. This would tend to show, the Herndon note being void, that appellants were not damaged by its surrender to the Ryans by respondent. Appellants objected to the admissibility of both items in evidence. The court did not rule upon the objections of respondent's attorney, but stated, "Let's find out what the law is on this subject first, then we can decide what evidence is necessary." Mr. Gillen, the plaintiffs' counsel having objected to the proferred testimony and evidence, was requested to furnish the authorities to support his objections.[1] Thus, the next move

---

[1]Mr. Handlos said: " 'For the record, may it please the Court, I would like to offer in evidence this power of attorney, executed by Robert J. Ryan and Vera S. Ryan, his wife, to Victor D'Orazi, which has been acknowledged before Edmond Lee Kelly, with a notary seal on it. Offer it in evidence at this time.' And Mr. Gillen objected. And then the Court said: 'Let's do it this way . . .' Then Mr. Handlos said: 'Then I ask that the matter be continued until Mr. D'Orazi—' The Court said: 'Let's find out what the law is on this subject first, and then we can decide what evidence is necessary.' . . . 'MR. HANDLOS: Now, I'd like the right to continue to the 29th, which is a week from today.' And the Court said: 'Unless I am trying some other case, or something. I would suggest . . .' And Mr. Handlos says: 'I don't think it would take—why not set it some day for 1:30? 'THE COURT: All right. 'MR. HANDLOS: I don't think it will take very long. 'MR. GILLEN: I know I have some court appearances on the 29th, I know that. 'MR. HANDLOS: May I state this, may it please the Court: On the 28th I have a matter in Sacramento, and between now and Friday I must file a reply to a petition for hearing. 'THE COURT: This case is how old now? 'MR.

was appellants'—to furnish the court with the authorities. Respondent's attorney asked the court to continue the trial for one week to August 29. The court agreed but appellants' attorney indicated that date would not be possible for him due to other court appearances. The court then left it to the attorneys to agree upon a date suitable for both, and the case was therefore continued on that basis. No new date was ever agreed upon for completion of the trial.

Since the court session in 1956 both attorneys who participated in the trial have died: respondent's attorney, Royal Handlos, in 1960 and appellants' attorney, Leslie Gillen, in 1962.

*On June 12, 1963, some seven years later, appellants by their present attorneys noticed a motion to resume the trial or submit the cause for decision.* On June 20, 1963, respondent filed this notice of motion to dismiss, accompanied by a supporting declaration which contained the following statement of facts: (1) Neither of the witnesses Vera S. Ryan nor J. R. Ryan could be located, despite a diligent search made at that time, although Vera Ryan had been locally employed until "about two years ago." (2) The court reporter who had reported proceedings in action No. 401282 had died and his notes were not available and both of the original lawyers had died.

Appellants opposed the motion to dismiss by declaration of their attorney, which motion did not refute any of the points made in respondent's declaration but did allege certain new matters not referred to during the retrial, which appellants intended to establish to show validity of the note and endorsement of Vera Ryan.

The trial court, after hearing arguments and the case having been submitted on briefs, ordered a judgment of dismissal for want of prosecution.

Appellants argue that respondent requested the continuance and, having initiated the delay, should not now benefit

---

HANDLOS: It's five years old, six years old. 'MR. GILLEN: So long as we get started on it before the 24th, I will be satisfied. 'THE COURT: Why don't you two arrange to come out quarter to twelve some day, 11:30. If I have a jury case on, I will dismiss them early. Is that all right? 'MR. GILLEN: Do you want to pick out some tentative date? We can readjust to it. 'MR. HANDLOS: Has the Court ruled on the offer of this suit? 'THE COURT: He is going to check some—we are going to get some law on that. 'MR. GILLEN: Yes, Your Honor. 'MR. HANDLOS: In other words, give the Court something to do in your free time. 'It has been offered, may it please the Court; it has been offered and the Court has— 'THE COURT: Let's mark it. 'MR. HANDLOS: —reserved its ruling on it. 'THE COURT: Yes, all right.' "

by its own dilatory tactics and, further, that so far as appellants were concerned their case had been completed and it was the duty of respondent to come forth with a defense if it had one. Also, appellants argue that death of counsel is sufficient ground for denial of the motion.

■ There is no statutory authority for the dismissal of a case for lack of prosecution once trial has been commenced. The court does have the inherent power in its discretion to dismiss a case for lack of prosecution. (*Cohn* v. *Rosenberg,* 62 Cal.App.2d 140, 142 [144 P.2d 399] ; *Mercantile Inv. Co.* v. *Superior Court,* 218 Cal. 770 [25 P.2d 12] ; 2 Witkin, Cal. Procedure, Proceedings Without Trial, § 42, p. 1679.) ■ The trial court's decision will not be disturbed on appeal unless there is an abuse of that discretion.

■ It was the duty of the appellants (plaintiffs) to act and to act with reasonable diligence. They are the ones who started the proceedings in motion, and they had the power and duty to pursue all the necessary steps to bring the litigation to an end. Upon the respondent (defendant) is the duty to make response to the movements of the appellant. It is no answer to say that a defendant did not utter a word of protest against the delay or that the court did not call plaintiff to his task of proceeding. (*Cohn* v. *Rosenberg, supra,* 62 Cal.App.2d 140, 145, 146.)

In *Oberkotter* v. *Spreckels,* 64 Cal.App. 470, 473 [221 P. 698], the court said : "The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step." (See also *Hassey* v. *South San Francisco Homestead etc. Assn.,* 102 Cal. 611 [36 P. 945] ; *Ordway* v. *Arata,* 150 Cal.App.2d 71 [309 P.2d 919].)

Appellants give no explanation for their delay except for the illness and death of Mr. Gillen, appellants' attorney. They argue that illness and death of counsel are sufficient grounds to justify a delay in prosecution, citing *Ordway* v. *Arata, supra,* 150 Cal.App.2d 71. In *Ordway,* illness of the attorney was only one circumstance the court weighed and in view of the other circumstances—illness and death of plain-

tiff's husband, relation of the parties, absence of any showing of injury to the defendant, absence of any suggestion of a defense to the action—the case can hardly be read for the view that illness and death of the attorney alone is sufficient excuse for a delay of seven years as in the case before us. Furthermore, only appellants' brief suggests that the attorney was incapacitated by illness. The record is silent except to note the death in 1962. Nowhere is it explained why there was not sufficient time to act notwithstanding the attorney's illness. Nowhere is there a reason given for not bringing the matter to trial during the years following the deaths of the attorneys. (*Goldman* v. *Palmtag*, 169 Cal. 170 [146 P. 429], holding that the court did not abuse its discretion in dismissing where the only excuse for delay was illness of plaintiff's attorney for four months and occupation with business affairs for remainder of the two-year period of delay.) (See also *Steinbauer* v. *Bondesen*, 125 Cal.App. 419 [14 P.2d 106].)

It is a recognized policy of the law to have every case tried on its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, seeks an advantage by reason of an adversary's inadvertence. (*Berri* v. *Rogero*, 168 Cal. 736, 740 [145 P. 95]; *Griffin* v. *Bray*, 262 Cal.App. 2d 357 [68 Cal.Rptr. 649].) But here it does not appear that the facts evidence the taking of an unfair advantage. This action has been pending over 18 years.

In determining if appellants acted with reasonable diligence, the court had for its consideration the three-year delay in bringing the case to trial after the decision on appeal, together with the unexplained delay of seven years which elapsed after the court requested appellants to furnish the court with authorities. Further, the court could consider the prejudice to respondent by reason of the deaths of the attorneys and reporter, the disappearance of witnesses and the loss of records.

We have concluded that under the circumstances the trial court did not abuse its discretion in dismissing the action.

The judgment is affirmed.

Draper, P. J., and David, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.