Filed 8/2/16  Shiloh v. Value Rental Car CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KENNY J. SHILOH, | B259887 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC522253) |
| v. | |
| VALUE RENTAL CAR, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Johnson, Judge.  Affirmed.

Kenny J. Shiloh, in pro. per., for Plaintiff and Appellant.

Law Offices of Daniel O. Iyayi and Daniel O. Iyayi for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff Kenny J. Shiloh appeals the trial court's order dismissing his case for failure to appear at trial. We affirm because there is no evidence the court abused its discretion.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of Plaintiff's August 2013 purchase of a vehicle from Defendants Value Rental Car, Inc., Maryam Jailani, and Aziz Jailani, and a related dispute over vehicle payments and smog testing. After Plaintiff refused to pay for the vehicle, Defendants repossessed it and obtained a $2,966.86 small claims court judgment against Plaintiff for damage to the vehicle. In September 2013, Plaintiff sued Defendants in this case, alleging Vehicle Code violations, harassment, Business and Professions Code violations, fraud, identity theft, defamation, and intentional infliction of emotional distress, praying for more than $50,000 in damages. The court set trial for October 6, 2014, and continued it to October 9, 2014. On October 9, 2014, the court dismissed the case pursuant to Code of Civil Procedure section 581, subdivision (b)(3), noting "[t]here is no appearance of the plaintiff."

## DISCUSSION

Plaintiff's rambling opening brief makes numerous assertions unrelated to the dismissal under Code of Civil Procedure section 581. He accuses the opposing party of verbally harassing him and accuses opposing counsel of unethical conduct that should have been sanctioned by the trial court. He complains the court abused its discretion by "ignoring the first amended complaint" and "allowing [the opposing party] to be their own expert witnesses." (Capitalization and boldface omitted.) He asserts that the opposing party violated various provisions of the Business and Professions Code, the Fair Debt Collection Practices Act, the Commercial Code, and the Vehicle Code. He argues the opposing party failed to present evidence against him and that forms they lodged into evidence were "forged or fraudulent." He also argues the opposing party "should be barred from receiving anything in regards to their claims against the appellant." (Capitalization and boldface omitted.) We have no evidence the trial court ever

2

addressed or adjudicated any of these matters. We cannot address issues raised for the first time on appeal. (*A Local & Regional Monitor v. City of Los Angeles* (1993) 12 Cal.App.4th 1773, 1804 ["It is well established that a party may not raise new issues on appeal not presented to the trial court."].)

With regard to the dismissal, the court cited Section 581, subdivision (b)(3), which allows for dismissal "[b]y the court, without prejudice, when no party appears for trial following 30 days' notice of time and place of trial." Although Plaintiff apparently concedes he failed to appear in the trial court on the continued trial date of October 9, 2014,[1] Defendants appeared. Thus, this subdivision of Section 581 appears inapplicable.

Nonetheless, "[i]t is well established, in California and elsewhere, that a court has both the inherent authority and responsibility to fairly and efficiently administer all of the judicial proceedings that are pending before it, and that one important element of a court's inherent judicial authority in this regard is 'the power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " (*People v. Engram* (2010) 50 Cal.4th 1131, 1146; *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 758 ["From their creation by article VI, section 1 of the California Constitution, California courts received broad inherent power 'not confined by or dependent on statute.' [Citations.] This inherent power includes 'fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation.' "].) The court's power includes "the inherent authority to dismiss for delay in prosecution." (*Binyon v. State of California* (1993) 17 Cal.App.4th 952, 955; *Karras v. Western Title Ins. Co.* (1969) 270 Cal.App.2d 753, 757; *McKenna v. Elliott & Horne Co.* (1953) 118 Cal.App.2d 551, 555.) "[A] trial court's decision to dismiss . . . will be overturned only upon a showing of a manifest abuse of discretion. . . . ¶] A motion for a continuance is similarly addressed to the

---

[1] Without any citation to the record, his brief recounts that "[a]t approximately 8:30 a.m[.] on October 9th, 2014, the plaintiff called Department 56 to inform them . . . he was downstairs" and was "told that the case somehow had been dismissed due to a 'no show.' "

sound discretion of the trial court." (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321.) "Discretion is abused when the trial court's ruling is arbitrary, capricious, exceeds the bounds of reason or prevents a fair hearing from being held." (*Ibid.*)

With no reporter's transcript in the record on appeal and no citations to the limited record provided to us, Plaintiff argues the court abused its discretion because he presented evidence of a health ailment justifying a continuance. We have reviewed the record and find no request for a continuance of the October 9, 2014 trial date and no evidence of any health problem supporting such a request. Indeed, although Plaintiff's and Defendants' briefs refer to Plaintiff's request to continue the October 6, 2014 trial date, there is no evidence of Plaintiff's request in the record and no evidence of any health problems presented to the court for that continuance. We therefore have no evidence supporting any failure to grant a continuance. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record."]; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]."].)

With regard to the dismissal, "[i]t must be assumed, there being nothing in the record to the contrary, that all proceedings leading to the judgment were correctly pursued, and that the action was regularly dismissed." (*Coburg Oil Co. v. Russell* (1950) 100 Cal.App.2d 200, 204; *Boyer v. City of Long Beach* (1920) 47 Cal.App. 617, 619 ["in the absence of a record of the proceedings had on the hearing of the motion to dismiss, the presumption is that they were regular."].) As the party challenging the dismissal, Plaintiff bore the burden of providing an adequate record to assess the error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Plaintiff has failed to satisfy this burden. We must therefore resolve the claim of error against him. (See *id.* at pp. 1295-1296.)

Citing *Tliche v. Van Quathem* (1998) 66 Cal.App.4th 1054 (*Tliche*), Plaintiff argues in his reply brief that a court may not dismiss a case if lesser sanctions would be effective. *Tliche* addressed a now defunct superior court local rule allowing the court to dismiss, for failure to prosecute, any civil complaint not served on the defendant within 60 days of filing the complaint. In that case, we found an abuse of discretion based on the trial court's failure to consider whether the attorney or the client was responsible for the failure to serve, concluding "the sanction for failure to serve the complaint within the time period specified by the local delay reduction rule should, in the first instance, be levied against the attorney in the form of monetary sanctions and not against the client by dismissing the case." (*Id.* at p. 1056) *Tliche* is inapposite because the dismissal in this case was based on a self-represented plaintiff's failure to appear on the date of trial rather than any failure to serve the complaint under a local rule or otherwise. Here, the court's inherent authority to control its docket and administer judicial proceedings before it empowered the court to dismiss Plaintiff's case.

## DISPOSITION

We affirm the trial court's order dismissing Plaintiff's case.  Defendants Value Rental Car, Inc., Maryam Jailani, and Aziz Jailani are awarded costs on appeal.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



HOGUE, J.[*]

I concur:



EDMON, P. J.



ALDRICH, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.