[Civ. No. 11957. First Dist., Div. Two. May 5, 1942.]

WM. KOSTUROS et al., Appellants, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Hoge, Pelton & Gunther and A. Dal Thomson for Appellants.

George K. Ford and Simpson Finnell, Jr., for Respondents.

NOURSE, P. J.—The petitioners appeal from a judgment denying them a writ of mandate to require the municipal court to dismiss a proceeding against them upon the ground that the action was not brought to trial within five years from the time it was commenced. The cause was tried upon the record of the proceedings in the municipal court and comes here upon a stipulated transcript in the nature of a judgment roll.

The action was begun on March 13, 1936. Notice of time of trial set for March 11, 1941, was served on March 5, 1941. The defendants on March 7, 1941, demanded a jury trial and had the clerk of the court set the trial for April 16, 1941. The court did not concede the power of the clerk to thus change the time of trial, and, on March 11th, the day originally set, was prepared to proceed. The defendants did not appear on that date, and the trial was continued to the following day, at which time one witness was called by the plaintiff and testified. The cause was then continued to April 16th, which was beyond the five year period fixed in section 583 of the Code of Civil Procedure.

The calling of this witness was sufficient to stay the application of the code section. (*City of Los Angeles* v. *Superior Court*, 15 Cal. (2d) 16, 21 [98 P. (2d) 207].) There is nothing in rule 13 of the Rules of the Municipal Court which permits the clerk to control the calendar of the court. That rule permitted these defendants "within five days after notice of setting, (to) make demand for jury trial and deposit said fees." They made the demand within time, but did not deposit the fees. When therefore the cause came on for trial as duly noticed on March 11th it was within the jurisdiction of the court to proceed at that time with a jury, or to continue the cause to some other date. The record here discloses nothing more than that defendants failed to appear on March 11th and that the trial was by the court ordered continued until the following day. It does not appear but that defendants

were then present in court and consented to the partial trial, and it does not appear but that, if they had then insisted upon a trial by jury, a jury would have been called forthwith.

Upon the record as presented we must assume that the trial court denied the petition for the writ upon the ground that petitioners failed to make proof that they were entitled to the writ and that their conduct in the proceedings was to take a technical advantage of the plaintiffs in the action in order to invoke the operation of section 583 of the code. If it should be said that the ruling of the trial court was too technical, it must be remembered that petitioners' "contention is somewhat technical, and it is not improper to meet it with a technicality." (*Clemens* v. *Gregg,* 34 Cal. App. 272, 279 [167 Pac. 299].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.