[Civ. No. 17526.   First Dist., Div. Two.   Nov. 13, 1957.]

ERNEST L. CLEMENTS et al., Appellants, v. JOHN A. RAGGHIANTI et al., Defendants; T. R. BECHTEL, Respondent.

Price, Macdonald & Knox and Orlando J. Bowman for Appellants.

Crozier C. Culp for Respondent.

DOOLING, J.—Plaintiffs appeal from a judgment of dismissal entered pursuant to Code of Civil Procedure, section 583.

The action was commenced on May 23, 1951. On May 17, 1956, the action came on regularly for trial against respondent Bechtel and the following proceedings occurred:

After the opening statement counsel for Bechtel moved for a nonsuit on the ground that the complaint did not state a cause of action against him. It was suggested by the court that the parties submit briefs on the question of whether evidence could be introduced under the pleadings.

Appellants' attorney stated: "We can't brief it, if Your Honor please, because five days from now this action is beyond the five year period."

After further discussion the following exchange occurred:

"THE COURT: I know. You must bring it to trial. You are bringing it to trial now.

"MR. CULP: This is the trial.

"THE COURT: You are.

"MR. CULP: That's why I am making a motion for nonsuit.

"THE COURT: You are bringing it to trial. And the passage of time doesn't affect you here, once I take hold.

"MR. CULP: Right.

"THE COURT: And I am taking hold here.

"MR. BOWMAN: May we then, before we are required to brief that point, at least start the evidence so that we will have started the trial?

"THE COURT: No, Counsel, I think that we want to clear the decks and make—I'd like to cite that Latin maxim Festina lente, make haste slowly. Let's make haste slowly, yes.

"MR. CULP: I'm sure that's the best way to save time in this case."

Appellants' attorney then received permission to amend the complaint.

Appellants' attorney stated: "And I understand, then, the

trial is postponed." The court replied: "Yes, it's postponed to be fixed for a later date, mutually agreeable."

Finally this exchange occurred:

"MR. BOWMAN: Well, I understand counsel won't raise the five year business.

"MR. CULP: Well, Counsel hasn't made any statement whatever, and he's not going to." (This in the face of counsel's previous statement while he was seeking the ruling of the court: "This is the trial.")

"THE COURT: Well, he can raise all the— What shall I say?— the objections that he wants to. But, Counsel, I think we're in the trial of this thing."

On May 28, 1956, a notice of motion for summary judgment and an affidavit in support thereof were filed. The record does not indicate that the complaint had been amended.

The minute order dated June 12, 1956, recites that a hearing was held on appellants' motion for summary judgment and respondent's motion to dismiss under Code of Civil Procedure, section 583. The motion to dismiss under Code of Civil Procedure, section 583 was argued and submitted and the court ordered that the motion be submitted on briefs. The motion for summary judgment was argued and the court ordered that this motion stand submitted until a ruling was entered on respondent's motion to dismiss.

The minute order dated June 26, 1956, states that respondent's motion to dismiss "is hereby granted."

█ Code of Civil Procedure, section 583, makes it mandatory to dismiss an action " . . . unless such action is brought to trial within five years after the plaintiff has filed his action. . . ." The main question is whether by the proceedings had on May 17, 1956, the action was "brought to trial" within the meaning of the section. Cases have held, in construing this section, that an action is brought to trial if even one witness is sworn and gives any testimony. (*City of Los Angeles* v. *Superior Court*, 15 Cal.2d 16 [98 P.2d 207]; *Mercantile Inv. Co.* v. *Superior Court*, 218 Cal. 770 [25 P.2d 12]; *Kosturos* v. *Municipal Court*, 51 Cal.App.2d 700 [125 P.2d 572]; *Krasnow* v. *Superior Court*, 15 Cal.App.2d 141 [59 P.2d 442].) The record shows that counsel for appellants was well aware of this rule and in view of it requested the trial court to be allowed to " . . . start the evidence so that we will have started the trial." The trial court denied this request and counsel for respondent Bechtel supported this order.

Before the recent ruling of the Supreme Court, enlarging the scope of cases in which motions for new trial may be granted (*Carney* v. *Simmonds*, 49 Cal.2d 84 [315 P.2d 305]) it had been the rule that a new trial could only be granted where there had been a trial on an issue of fact (see the cases collected in *Carney* v. *Simmonds*, *supra*, 49 Cal.2d at pp. 88-89). Despite this ruling the courts had held that where the case was brought on for trial and the plaintiff was prevented from introducing any evidence by reason of motion for nonsuit or objection that the complaint failed to state a cause of action there was, in such situation, a trial so as to permit the granting of a motion for new trial. (*Stow* v. *Superior Court*, 178 Cal. 140 [172 P. 598]; *Bice* v. *Stevens*, 129 Cal.App.2d 342 [277 P.2d 106]; *Allen* v. *California Mut. Bldg. & Loan Assn.*, 40 Cal.App.2d 374 [104 P.2d 851].)

The situation in this case is parallel to that in the last cited cases. Appellants were present for trial and asked leave to produce at least one witness but were denied that privilege because of counsel's attack on the sufficiency of their pleading. The procedure of counsel for appellants in this respect followed exactly the procedure recommended in *Miller & Lux Inc.* v. *Superior Court*, 192 Cal. 333, 342 [219 P. 1006]. Under the circumstances we are satisfied that the case was brought to trial on May 17, 1956.

Counsel for respondent argues that in any event the dismissal may be supported under that portion of Code of Civil Procedure, section 583, which gives the court discretionary power to dismiss " . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ." No case has been cited authorizing the court to dismiss under this provision after the action has in fact been brought to trial and we are satisfied that such motion must be made before the action is brought to trial.

It is doubtless true that unreasonable delay in bringing an action on for further trial after a partial trial would justify the court in dismissing under its inherent power, but the order here is expressly based on Code of Civil Procedure, section 583, and it so recites.

We have not undertaken to assess the merits of counsel's objections to the complaint since the order appealed from is not based on that ground and that matter is not properly before us for decision on this appeal.

The order appealed from is reversed.

Kaufman, P. J., and Draper, J., concurred.