[Civ. No. 23333.   Second Dist., Div. Three.   May 18, 1959.]

A. W. MASTELOTTO, Appellant, v. HARBOR BOX AND LUMBER COMPANY (a Corporation), Respondent.

A. P. G. Steffes for Appellant.

Gibson, Dunn & Crutcher, Sherman Welpton, Jr., William G. Tucker and Martin E. Whelan, Jr., for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on the granting of defendant's motion.

The motion was made on three grounds: failure to bring the action to trial within five years after it was filed; failure to bring the action to trial within two years after it was filed;

and the inherent power of the court to dismiss for failure to diligently prosecute the action. The motion was heard on the record in the action, an affidavit of defendant's counsel which is set out in the margin,[1] and an affidavit of counsel for plain-

---

[1] "SHERMAN WELPTON, JR., being first duly sworn, deposes and says:

"That he is and at all times mentioned herein was an attorney duly admitted to practice law in the State of California and is a partner in the firm of GIBSON, DUNN & CRUTCHER of Los Angeles, California.

"The above case was filed in Los Angeles County on or shortly prior to June 6, 1952, at which time affiant undertook the representation of defendant in connection with said suit. Plaintiff's Complaints were attacked by Motions and Demurrers and finally resulted in plaintiff filing a Fourth Amended Complaint, to which the defendant filed its Answer, Counterclaim and Cross-Complaint on January 20, 1953, and the plaintiff in turn filed its Answer to the Cross-Complaint on January 30, 1953, when the cause was then at issue. Plaintiff did not file his original request for setting until about April 8, 1953, and on April 24, 1953 the Court set the case for trial on April 19, 1954. Affiant observed that he had a conflict in his calendar for the April 19, 1954 setting and, accordingly, stipulation was entered into in December, 1953 continuing the trial of the case one month to May 24, 1954. On May 24, 1954, plaintiff's counsel permitted the case to go off calendar under the '30-day rule' and in November, 1954, affiant, at the request of plaintiff's counsel, readily signed a stipulation re-setting the case for trial on February 14, 1955. In January, 1955, plaintiff's counsel again requested a continuance of the case and affiant signed a stipulation re-setting the case for trial on June 8, 1955. In May, 1955, plaintiff's counsel again requested a continuance of the case and affiant signed a stipulation setting the case for trial on January 16, 1956. In December, 1955, plaintiff's counsel again requested a continuance of the case and affiant signed a stipulation setting the case for trial on May 8, 1956. Affiant, again observing that he had a conflict in trial dates, requested a one-month continuance and, in February, 1956, a stipulation was signed continuing the trial of the case from May 8, 1956 to June 6, 1956. On June 6, 1956, the above-entitled case was called and assigned for trial before a jury. The case proceeded with the submission of testimony on behalf of the plaintiff, to and including June 19, 1956, at which time a mistrial was declared, based on the misconduct of plaintiff's counsel. No action was taken by plaintiff between June 19, 1956 and September 26, 1957 to re-set said case for trial, on which latter date plaintiff's counsel served on affiant's firm a Memorandum For Setting Contested Action, and on this date affiant was on his vacation, from which he did not return until October 7, 1957.

"In the original trial defendant was required to bring into Court voluminous records and files that filled two wooden boxes, the dimensions of each of which were approximately 4' x 2' x 1', and the defendant was further required to obtain and have present in court witnesses who were and are no longer in the employ of the defendant and some of whom came from out of Los Angeles County and all of whom were required to be present in Court at great inconvenience and serious detriment to their business interests. Furthermore, during the trial that lasted from June 6 to June 19, 1956, inclusive, plaintiff had not yet concluded the submission of his testimony which it was anticipated would take at least several days longer, following which the defendant would then be required to present all of its testimony on its Answer and Counterclaim and Cross-Complaint, which it was reasonably anticipated would require at least another two to three weeks' time, and nothing has occurred in the intervening time to shorten the trial time in the event the case were to be

tiff which is also set out in the margin.[2]

The following is the chronological history of the cause:

June 6, 1952—Complaint filed and summons issued.

November 25, 1952—Fourth amended complaint filed.

January 20, 1953—Answer and cross-complaint filed.

re-tried. Affiant, accordingly, submits that because of the long delay in bringing this case to trial and the great inconvenience and expense that has been and will be further imposed on the defendant, the Court in the exercise of its sound discretion as well as on mandatory grounds should dismiss said suit.''

[2]''A. P. G. Steffes, being first duly sworn, deposes and says:

''That he is the attorney for plaintiff in this action and as such, is better informed than plaintiff concerning all the facts and circumstances connected with the prosecution of this action and the reasons for not having the case set for trial at any earlier date.

''That in preparing this case for trial affiant spent approximately five full days immediately preceding the commencement of the trial on June 6, 1956, during which time affiant became acquainted with the facts concerning plaintiff's financial condition resulting from his having failed to receive from the defendant more than $35,000 to which he was entitled, as alleged in his Fourth Amended Complaint.

''That, based on the evidence which affiant accumulated, it is the opinion of affiant plaintiff was forced into bankruptcy by the refusal and failure of defendant to pay to plaintiff the amount of money for which plaintiff is suing and to which affiant verily believes plaintiff is justly entitled. That as an additional result of plaintiff's being unable to pay his financial obligations when due, plaintiff has had his home and home property foreclosed and has had his earning capacity practically destroyed.

''That when plaintiff was first referred to affiant by a client in Porterville, California, affiant informed plaintiff that in order for affiant to handle plaintiff's case, it would be necessary for affiant to associate another attorney to handle the numerous details connected with the case, owing to the fact that most of affiant's time was being taken up by his duties as an associate attorney in the office of Parker, Stanbury, Reese & McGee; that thereafter affiant did associate another attorney but by reason of the complicated nature of the logging transaction which gave rise to this lawsuit, it subsequently became necessary for affiant personally to take over the handling of the entire case.

''That after this action was first set for trial on April 19, 1954, which date was one year and eleven days after the filing of the memorandum to set the case for trial, that several continuances of the trial were had thereafter until the trial actually commenced on June 6, 1956; that at least two of said continuances of the trial were at the request of counsel for the defendant.

''That at no time prior to said trial did the defendant or any of the counsel for the defendant complain to affiant or to anyone else to the knowledge of affiant, that the action was not being diligently prosecuted, and each of the continuances of the trial that were requested by affiant was readily agreed to by counsel for the defendant; that if, in fact, defendant or any of defendant's counsel then had, or previously had had any objection to the manner in which the action was being prosecuted by plaintiff and his counsel, said objection or objections were at all times waived, and the defendant and its counsel engaged in the trial until June 19, 1956 when a mistrial was declared by the Court at the instance and request of the defendant, over the objection of affiant.

''That both plaintiff and his son, Glen Mastelotto, who was his prin-

January 30, 1953—Answer to cross-complaint filed and cause at issue.

April 9, 1953—Memorandum for setting filed.

April 24, 1953—Trial set on April 19, 1954.

December 30, 1953 to May 1956—Continuances of trial to June 6, 1956—five at instance of plaintiff, two at instance of defendant.

cipal witness were required to be in Los Angeles continuously from on or about June 1, 1956 to June 19, 1956 in order to prepare for the trial and while the trial continued, and were thereby compelled to absent themselves from their work in Northern California at the busy time in logging operations; that before leaving Los Angeles they informed affiant that the partial trial had drained their financial resources and that they would be unable to be present again in Los Angeles for the second trial unless the trial date was fixed at a time which was not within the logging season, which usually occurred between May 1 and approximately December 1 of each year.

"That affiant understood shortly after defendant's motion for a mistrial was granted that if a memorandum for setting the case for trial was served and filed at that time, the trial date would be set about one year later, which would have occurred after the commencement of the 1957 logging season; that at that time affiant did not know that any priority would be given to the trial of this case by reason of the fact that the case had previously been partially tried, and affiant therefore waited and did not file a memorandum to set the case for trial until he could arrange for the trial to be set between January 1, 1958 and May 1, 1958, in order to enable plaintiff and his son to be present at the trial and in order also that affiant would be able to try the case for plaintiff.

"That had the case been reset for trial between December 1, 1956 and May 1, 1957, it would have been absolutely impossible for affiant to try the case on plaintiff's behalf, owing to the congested condition of the trial calendar of affiant and the law firm with which he was associated; that in addition thereto, numerous pre-trials were being set during that period and the legal duties of affiant became so many and so great, that it was necessary for affiant to work practically every night and every Saturday and Sunday; that, in fact, affiant had no alternative but to terminate his association with the firm of Parker, Stanbury, Reese & McGee in order to prosecute diligently the work which he had already obligated himself to perform, including the instant case; that affiant did terminate his said association on June 1, 1957, and has since so arranged his personal practice that he will be able to try the case for plaintiff instead of having plaintiff obtain other counsel, as affiant had previously thought that it might become necessary by reason affiant's heavy work load.

"That while affiant was making the necessary arrangements to have the trial set at a time when plaintiff and his son would be able to be in attendance, affiant made inquiries to determine the best way in which this could be accomplished; that affiant then learned that, even though it was not a statutory ground for priority, a preferential setting date could be obtained owing to the fact that the case had already been partially tried; that affiant availed himself of this procedure which enabled him to have the Pre-trial set on February 17, 1958 at 9:00 A. M. in Department 2, and the Trial set on March 25, 1958 at 9:00 A. M. in Department 1 of this Court; that said procedure was followed, not as stated in defendant's memorandum of points and authorities (Page 2, lines 27-29) that affiant anticipated this motion to dismiss, but in order to have a trial at a time when plaintiff would be financially able to go through with it."

June 6, 1956—Trial began.

June 19, 1956—Mistrial declared because of misconduct of plaintiff's counsel.

September 26, 1957—Plaintiff filed memorandum for setting.

October 4, 1957—Trial set for March 25, 1958.

October 15, 1957—Notice of motion to dismiss filed by defendant.

December 10, 1957—Motion to dismiss granted.

The motion was granted under section 583 of the Code of Civil Procedure.[3] We do not, therefore, consider whether the motion was properly granted in the exercise of the court's inherent power to dismiss.

Section 583 of the Code of Civil Procedure in pertinent part provides: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action."

█ We consider first whether the action was properly dismissed under the mandatory five-year provision of section 583. It has frequently been held that a partial trial within the five-year period takes the action out of the operation of section 583. (*Krasnow* v. *Superior Court*, 15 Cal.App.2d 141, 142-143 [59 P.2d 442]; *Meier* v. *Superior Court*, 55 Cal.App.2d 675, 676 [131 P.2d 554]; *Clements* v. *Ragghianti*, 155 Cal.App.2d 188, 190 [317 P.2d 706].) In *Mercantile Inv. Co.* v. *Superior Court*, 218 Cal. 770 [25 P.2d 12], the cause was partially tried at a time within the five-year period, at which time a continuance was granted to permit the plaintiff to amend his complaint to include a new defendant. It was held that the mandatory provisions of section 583 were without application. *Kosturos* v. *Municipal Court*, 51 Cal.App.2d 700 [125 P.2d 572], holds that the calling of one witness who testified was sufficient to stay the application of the five-year period.

At bar, the action was partially tried within the five-year

---

[3] The minute order granting the motion reads: "Motion granted. Action is ordered dismissed pursuant to the provisions of section 583 C.C.P."

period just as in the foregoing cases. It is conceded that the trial was commenced on June 6, 1956, and that it continued until June 19, 1956, when a mistrial was declared. June 6, 1956, was within the five-year period. Consequently, the court was without power to dismiss the action under the mandatory five-year provision of section 583.

We next consider whether the action was properly dismissed under the discretionary two-year provision of section 583. The discretion is to dismiss the action "whenever plaintiff has failed for two years after action is filed to bring such action to trial."

*Clements* v. *Ragghianti,* 155 Cal.App.2d 188 [317 P.2d 706], is directly in point. The court stated (p. 191) : "Counsel for respondent argues that in any event the dismissal may be supported under that portion of Code of Civil Procedure, section 583, which gives the court discretionary power to dismiss '. . . whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . .' No case has been cited authorizing the court to dismiss under this provision after the action has in fact been brought to trial and we are satisfied that such motion must be made before the action is brought to trial.

"It is doubtless true that unreasonable delay in bringing an action on for further trial after a partial trial would justify the court in dismissing under its inherent power, but the order here is expressly based on Code of Civil Procedure, section 583, and it so recites."

So, here, the order is expressly based on section 583 and it so recites. As heretofore noted, the dismissal was made within the two-year period following the partial trial. It follows that the court was without power to dismiss the action under the discretionary two-year provision of section 583.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 15, 1959.