[Civ. No. 23197.   Second Dist., Div. One.   Nov. 23, 1959.]

MARY KATLEMAN, Appellant, v. LIBERTY KATLEMAN
et al., Respondents.

Joseph R. Bailey and Leonard J. Meyberg for Appellant.

Abe Richman for Respondents.

WOOD, P. J.—On motion of defendant the action was dismissed, pursuant to section 583 of the Code of Civil Procedure, on the ground that the action had not been brought to trial within five years after it was filed. Plaintiff appeals from the order and judgment of dismissal.

Plaintiff contends that the action was brought to trial within five years after it was filed.

The action was filed in Los Angeles County on December 8, 1950. Some of the allegations of the complaint were that the plaintiff and Jacob Katleman, now deceased, were divorced in Nevada on March 1, 1950; the decree of divorce approved a property settlement agreement between the parties; Jacob Katleman died on June 15, 1950; the plaintiff herein filed a creditor's claim in the (probate) proceedings in the estate of said deceased, a copy of which claim is attached to the complaint; about November 10, 1950, the administrators of the

estate rejected "plaintiff's claim for that share of community property of deceased and plaintiff herein as she may be entitled to," which community property may not have been disclosed or included in the property settlement; plaintiff alleges on information and belief that there is community property which was not disclosed to plaintiff when the property settlement agreement was made. The prayer of the complaint was that defendants be required to account for plaintiff's share of the community property, and that defendants be ordered to approve her creditor's claim with reference to her share of the community property.

Defendants (administrators) answered the complaint on April 6, 1951. They alleged, in part, that they did not have any community property of the deceased which was not properly revealed to plaintiff when the property settlement agreement was made; that if any of the codefendants have any additional community property, then the answering defendants admit that plaintiff would be entitled to a reasonable division of the community property so disclosed.

Upon motion of defendants (administrators), the action was set for trial on April 4, 1955, in Department 61, as a short cause matter. On April 4, 1955, when the case was called for trial in Department 61 by Judge Wolfson, counsel for each party answered "Ready." Then the counsel for each party made a statement regarding the nature of the case. Counsel for plaintiff said that plaintiff wanted the court to rule "that the claim is good." Counsel for plaintiff also said that the action was brought so that when, as, and if community property was discovered, plaintiff would be entitled to one-half of it. Plaintiff made a motion for judgment on the pleadings. The attorneys for the parties presented oral arguments with reference to the motion. The arguments, and the questions and comments of the judge, comprised approximately six pages of the reporter's transcript. On that day (April 4) the motion was submitted for decision. The minutes of that proceeding recite: "Cause called, argued and submitted." Thereafter briefs were filed by the parties. On April 20, 1955, the motion for judgment on the pleadings was "denied, without prejudice."

On January 5, 1956, the cause was transferred from Department 1 (calendar department) to Department 29, where Judge Palmer was presiding. (Statements, made before Judge Palmer, were to the effect that after Judge Wolfson had denied the motion for judgment on the pleadings he assigned the case

"back" to Department 1 because the case could not be tried within one hour in Judge Wolfson's department, which was a department for the trial of cases which could be tried within an hour. It also appears from such statements of counsel for plaintiff that, within a few days after the case had been so retransferred to Department 1, counsel for plaintiff filed in Department 1 a memorandum for resetting the case for trial.) When the case was called in Judge Palmer's department, counsel for plaintiff made statements (covering about eight pages of the reporter's transcript) regarding the nature of the case and the relief plaintiff was seeking. Then counsel for defendant made a motion, under section 583 of the Code of Civil Procedure, for dismissal of the action because it had not been brought to trial within five years after it was filed. Thereupon a discussion ensued among the attorneys and judge (covering about 12 pages of the transcript) regarding the proceedings in Judge Wolfson's department. Judge Palmer said, among other things, that the case came on for trial within the five-year period in Judge Wolfson's department and plaintiff made a motion for judgment on the pleadings, and the motion had been denied. Judge Palmer also said that there was nothing in the minutes of the case to show that Judge Wolfson had sent the case back to the calendar department, or that he had declared a mistrial, or that he had deprived himself of jurisdiction over the trial, and that as far as the minutes show "this case is still on trial in his [Judge Wolfson's] department." Thereupon Judge Palmer made an order transferring the case to Judge Wolfson. The minutes of January 5, 1956, in Judge Palmer's department state: "Cause transferred from Department 1 is called for trial . . . [names of counsel]. It appearing to the Court that this action was called for trial before Judge Burnett Wolfson on April 5, 1955 and that the matter is still pending before him, now, therefore, it is transferred to Department 7 of the Court to be heard by Judge Wolfson."

On March 28, 1956, Judge Wolfson dismissed the action. The minutes of that day state: "Cause heretofore submitted: This matter was set for trial on April 4, 1955 in Department 61 as a short cause matter. No witnesses were called. After discussion, in open court, with counsel as to whether or not this case could be fully tried within the one hour limitation, counsel for plaintiff moved for judgment on the pleadings. This motion was denied without prejudice. The court finds that this action was not brought to trial within the five year

period and it is the order of this court that the action be dismissed. Counsel for the defendants to prepare the order for dismissal.''

Section 583 of the Code of Civil Procedure, in pertinent part, provides: ''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within 5 years after the plaintiff has filed his action.''

The proceeding in Judge Wolfson's department on April 4, 1955, was had within the five-year period. The question herein is whether by reason of that proceeding the action was ''brought to trial'' within the meaning of said section 583. It was upon the motion of defendants that the action was set for trial on April 4, 1955, in the short cause department. Rule 9 of the superior court, in effect on said date, provided in part: ''[C]ases which can be tried within one hour may be assigned dates for trial in any department. If any case so set shall not be completely tried within one hour . . . the judge hearing the case may make an order vacating the setting at the end of the hour, in which event no further proceedings shall be had for the trial thereof except upon a new setting for trial.'' When the case was called for trial in the short cause department on April 4, 1955, counsel for each party answered ''Ready.'' Then counsel for each party made a statement regarding the nature of the case. Thereupon, counsel for plaintiff made a motion for judgment on the pleadings. After argument upon the motion had been made, the cause was submitted for decision. Briefs were filed, and the motion ''was denied, without prejudice'' about two weeks after the motion had been submitted. It thus appears that the motion for judgment on the pleadings was not made in a preliminary proceeding prior to calling the case for trial, but the motion was made after the case had been assigned to a department for trial and after the case had been called for trial in that department and the attorneys had answered that they were ready for trial. The making of the motion, the argument thereon, and the submission and decision of the motion constituted a partial trial of the case, namely, the trial of an issue of law. If the motion had been granted, the trial of course would have been completed. The denial of the motion completed a part of the trial. The case of *Clements* v. *Ragghianti,* 155 Cal.App.2d 188 [317 P.2d 706] came on

regularly for trial and after the opening statement had been made defendant made a motion for a nonsuit on the ground that the complaint did not state a cause of action. When it was suggested therein that the parties submit briefs on the question, the appellant said there would not be time for briefs because there were only 5 days remaining in the 5-year period within which the case might be brought to trial. After further discussion about bringing the case to trial within that period, appellant asked permission to ''start the evidence so that we will have started the trial.'' The judge made statements to the effect that appellant was, at that time, bringing the case to trial. Appellant received permission to amend the complaint, and then the trial was postponed to a date to be agreed upon later. After expiration of the five-year period, plaintiff made a motion for summary judgment, and the defendant made a motion to dismiss the action on the ground it had not been brought to trial within the five-year period. It was held therein that the proceeding wherein the motion for a nonsuit was made was a proceeding whereby the action was brought to trial. In the present case the proceeding on April 4, 1955, wherein the motion for judgment on the pleadings was made, was a proceeding whereby the action was ''brought to trial'' within the meaning of section 583 of the Code of Civil Procedure.

The judgment of dismissal is reversed.

Fourt, J., and Lillie, J., concurred.