[Civ. No. 21620. First Dist., Div. One. Dec. 20, 1963.]

BELLA VISTA DEVELOPMENT CO. et al., Petitioners, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent; ERNEST N. KETTENHOFEN et al., Real Parties in Interest.

Wallace S. Myers for Petitioners.

No appearance for Respondent.

Bagshaw, Schaal, Martinelli, Weissich & Jordan and Thomas E. Schaal for Real Parties in Interest.

SULLIVAN, J.—Petitioners Bella Vista Development Co. and Bruce A. Werlhof seek a writ of prohibition restraining the respondent superior court from taking further proceedings in the hereinafter described civil action now pending therein. The sole question for our determination is whether said action was brought to trial within five years after it was filed and should therefore be dismissed by the court pursuant to Code of Civil Procedure section 583. We have concluded that it was not so brought to trial and that the writ should be granted.

The action in question, entitled *Ernest N. Kettenhofen and Bernice P. Kettenhofen, plaintiffs,* v. *Bella Vista Development Co., a corporation, Bruce A. Werlhof, defendants (petitioners herein), et al.,* was commenced in the court below on May 2, 1958. It was eventually set for trial by a jury on May 1, 1963. Notably such trial date was the day before the expiration of the five-year period for bringing an action to trial prescribed by Code of Civil Procedure section 583. On the morning of trial the court announced to the jury panel present in the courtroom that a number of legal matters had to be discussed before it proceeded with the impaneling of the jury and excused the panel until 2 o'clock in the afternoon.

The following then occurred: "THE COURT: All right. Gentlemen, are both sides ready for whatever proceedings are now pending in Kettenhofen versus Bella Vista Development Company? MR. SCHAAL [Plaintiffs' counsel]: Yes, your Honor. At this time I would like to address a motion to amend the complaint. MR. MYERS [Defendants' counsel]: May I just say for the record that we are not prepared to— prepared for trial for the reasons that these matters are pending and need attention of the Court. THE COURT:

Well, *the Court was very careful not to call the case for trial.*" (Italics added.)

Plaintiffs' counsel then asked leave to file an amendment to the complaint stating that a copy thereof had theretofore been delivered to defendants' (petitioners herein) counsel. The court allowed the amendment and inquired: "Now, the next question is, is the case ready for trial?" Defendants' counsel replied: "It is not." Upon application of plaintiffs' counsel, the court then allowed certain amendments to be made on the face of said amendment to the complaint and granted defendants 20 days to answer.[1]

During the course of the colloquy between the court and counsel for both sides, the court observed: "You will have to answer to demurrer or move to strike, and if you answer, it will have to be reset for trial ... but I think in all fairness the defendants are entitled to determine what the best tactics would be under the circumstances." Defendants' (petitioners') counsel responded: "We will do whatever your Honor wishes. If your Honor wants to continue this same case and this same jury until next week, that is fine. If you want to take it off, and grant twenty or thirty days so that all of these things can be resolved, and go right to trial, that is agreeable with us; either way." Finally the court declared that it would await defendants' response to the amendment before making a determination of the legal issues to be disposed of and that it would not therefore be necessary for the parties to reappear in court in 20 days. The proceedings were then terminated and the jury panel dismissed by stipulation of counsel.

On June 3, 1963, defendants (petitioners herein) moved the court below for an order of dismissal on the ground that action had not been brought to trial within five years after it was filed as provided in Code of Civil Procedure section 583. The record before us does not disclose what, if any, pleadings

---

[1]The court first indicated that it would grant defendant an unspecified time to answer, remarking that "[t]hat leaves the case in a rather poor posture as far as the trial is concerned." Defendants' counsel then suggested that the case be continued until Tuesday (May 7, 1963). The following then occurred: "MR. SCHAAL: I have another trial set for Tuesday. That could go off. THE COURT: I am sure we can't do it. I was thinking in terms of allowing twenty days or so to answer or otherwise appear to amend the complaint. Then, when you do that, we are faced with a case at issue. MR. WERLHOF: Then, would your Honor just dismiss the jury and have this jury return? THE COURT: I will have to dismiss this jury. I can't keep them around. There is going to have to be another jury."

had been filed or proceedings taken therein in the interim. Petitioners' motion was denied on August 30, 1963.

On October 2, 1963, petitioners filed herein the instant petition for writ of prohibition alleging in substance the foregoing procedural developments and that unless such writ is issued by us, the aforementioned cause will be set down for trial in the respondent court ''contrary to law and to the requirements of section 583.'' We issued an alternative writ of prohibition on October 18, 1963. ██ ''Either a writ of mandate to compel dismissal or a writ of prohibition to prevent the trial of the action is an appropriate remedy after the time prescribed by section 583 has expired. [Citations.]'' (*J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919].)

Section 583 of the Code of Civil Procedure provides in relevant part as follows: ''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to *trial* within five years after the plaintiff has filed his action, ...'' (Italics added.) The statute thereafter provides for certain express exceptions to such mandatory dismissal ''where the parties have filed a stipulation in writing that the time may be extended'' and ''where it be shown that the defendant has been absent from the State or concealed therein....'' Such exceptions are not here involved.

The position of the real parties in interest on this appeal (plaintiffs Kettenhofen below) may be summarized as follows: (1) That the proceedings before the court on May 1. 1963, constituted a trial within the meaning of section 583 of the Code of Civil Procedure; (2) that proceedings theretofore had in July and August 1960 relating to petitioners' motion for a summary judgment constituted a trial within said statute; and (3) that petitioners are estopped from urging a mandatory dismissal pursuant to the statute.

██ The above statute becomes operative only if the action is not brought to trial at all within the prescribed period. If the trial is commenced, the case is taken out of the statute, even though the proceedings amount only to a partial hearing. (*Mussat* v. *Superior Court* (1936) 16 Cal.App.2d 291, 292 [60 P.2d 323].) ''It has frequently been held that a partial trial within the prescribed period takes the case out of the operation of that section [§ 583]. [Citations.]''

(*Meier* v. *Superior Court* (1942) 55 Cal.App.2d 675, 676 [131 P.2d 554].)

■ "A 'trial' is the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of parties. [Citations.]" (*Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466]; *Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8].) As the court points out in *Berri, supra:* "With regard to the running of the five-year period, it has been held that the determination or a hearing on a demurrer to the complaint is not a trial within the meaning of section 583 of the Code of Civil Procedure and hence the action is subject to dismissal after the five-year period has expired *unless the ruling on demurrer is a final determination of the case.* [Citations.] When the demurrer has been sustained and judgment of dismissal has been entered there has been a trial and the action is not subject to dismissal under section 583. [Citations.] ... *The essential thing is that the action be brought to a stage where final disposition is to be made of it.*" (Pp. 858-860; italics added. See also: *Meier* v. *Superior Court, supra,* 55 Cal.App.2d 675, 678; *Ross* v. *George Pepperdine Foundation* (1959) 174 Cal.App.2d 135, 139 [344 P.2d 368]; *Mass* v. *Superior Court* (1961) 197 Cal.App.2d 430, 433-435 [17 Cal. Rptr. 549].)

The instant case was to be tried before a jury. ■ It is settled that the impaneling of a jury is part of the trial. (*Silcox* v. *Lang* (1889) 78 Cal. 118, 124 [20 P. 297]; *Kadota* v. *City & County of San Francisco* (1958) 166 Cal.App.2d 194, 195-196 [333 P.2d 75].) ■ As *Kadota, supra,* points out: Where the trial is before the court without a jury, the action is not ordinarily "brought to trial" within the meaning of Code of Civil Procedure section 583 until at least one witness is called and gives some testimony; where, however, the case is set for trial before a jury, the case is "brought to trial" when the parties commence the examination of prospective jurors and the impanelment of the jury. In the case at bench, no proceedings for the impanelment of the jury were ever commenced on May 1, 1963, or at any other time.

■ It is too clear to require extended discussion that the hearing and granting of plaintiffs' (real parties in interest herein) motion for leave to file an amendment to the complaint was not a trial within the authorities set forth by us above. The granting of such motion was in no sense a "final

determination of the case." (*Berri* v. *Superior Court, supra,* 43 Cal.2d 856.) Nor did such proceedings have the effect of extending the five-year period of the statute. Amendment of pleadings is one of the ordinary processes involved in bringing a case to trial and the time consumed in such proceedings is not to be excluded in computing the five-year period. (*J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666, 670; *Continental Pac. Lines* v. *Superior Court* (1956) 142 Cal. App.2d 744, 750 [299 P.2d 417]; *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 257-258 [10 Cal.Rptr. 314].)

Our attention is also directed to the fact that during the proceedings had on May 1, 1963, the parties engaged in considerable discussion with the court on the measure of damages applicable to the case to the end of facilitating the introduction of evidence on the issue of damages when the case was eventually tried. This discussion was not a trial of an issue of law and did not culminate in the final disposition of the case. This part of the proceedings resembled in nature and purpose certain aspects of a pretrial conference and, like a pretrial conference, did not affect the operation of section 583. (*J. C. Penney Co.* v. *Superior Court, supra.*)

Nevertheless, real parties in interest insist that as a result of the proceedings on May 1, 1963, the instant case was "brought to trial" within the rationale of *Clements* v. *Ragghianti* (1957) 155 Cal.App.2d 188 [317 P.2d 706] and *Katleman* v. *Katleman* (1959) 175 Cal.App.2d 493 [346 P.2d 218]. In essence their argument is that the impaneling of a jury or the swearing of a witness is not an indispensable factor in bringing an action to trial within the meaning of section 583.

In *Clements* the action came on for trial five days before the expiration of the five-year statutory period. Although the opinion is not explicit on the point, it appears to have been a nonjury trial. After plaintiffs' opening statement, defendant moved for a nonsuit on the ground that the complaint failed to state a cause of action against him. The court suggested that briefs be submitted on the motion. Plaintiffs' counsel advised the court that they could not be submitted in view of the imminent expiration of the five-year period. Both court and opposing counsel took the position that "[t]his is the trial," the court stating: "You are bringing it to trial. And the passage of time doesn't affect you here, once I take

hold." (P. 189.) Plaintiffs' counsel then requested, but was refused, permission to "at least start the evidence so that we will have started the trial." Subsequently defendant's motion for a dismissal was granted. Reversing, the appellate court applied the rule as to what constitutes a "trial" for purposes of determining a motion for new trial: "Despite this ruling [i.e., the rule formerly in effect before *Carney* v. *Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305] that a new trial could only be granted where there had been a trial on an issue of fact] the courts had held that where the case was brought on for trial and the plaintiff was prevented from introducing any evidence by reason of motion *for nonsuit or objection that the complaint failed to state a cause of action there was,* in such situation, *a trial* so as to permit the granting of a motion for new trial. [Citations.]

"The situation in this case is parallel to that in the last cited cases. Appellants were present for trial and asked leave to produce at least one witness but were denied that privilege *because of counsel's attack on the sufficiency of their pleading.* The procedure of counsel for appellants in this respect followed exactly the procedure recommended in *Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333, 342 [219 P. 1006]. Under the circumstances we are satisfied that the case *was brought to trial . . . ."* (P. 191; italics added.) The court therefore rested its decision on two bases: first, that the case *had been brought to trial* within the rationale of the new trial cases; secondly, that plaintiffs were prevented from completing the procedure recommended in the *Miller & Lux* case.

In *Katleman, supra,* plaintiff filed her action on December 8, 1950. On *defendants' motion* it was set for trial on April 4, 1955, as a short cause matter. On said date the cause was called for trial and each counsel answered "[r]eady." Each counsel then made a statement regarding the case. After a discussion as to whether or not the case could be tried within the one hour limitation for short cause matters, plaintiff made a motion for a judgment on the pleadings, which was argued and submitted, and finally on April 20, 1955, denied without prejudice. The judge then transferred the case back to the calendar department, whereupon plaintiff filed a motion to reset for trial. On January 5, 1956, the cause was assigned out and called for trial. Defendant then moved to dismiss under Code of Civil Procedure section 583. The second judge thereupon declared that the first judge (in the

short cause department) had never declared a mistrial, sent the case back to the calendar department, or deprived himself of jurisdiction over the trial and that as far as the minutes showed "this case is still on trial in his department." (P. 495.) On March 28, 1956, the first judge dismissed the action under section 583, the minute order reciting, *inter alia*, that the case had been set for trial as a short cause matter but no witnesses were called. The appellate court reversed: "It thus appears that the motion for judgment on the pleadings *was not made in a preliminary proceeding* prior to calling the case for trial, but the motion was made after the case had been assigned to a department for trial and *after the case had been called for trial in that department* and the attorneys had answered that they were ready for trial. The making of the motion, the argument thereon, and the submission and decision of the motion constituted a partial trial of the case, namely, the trial of an issue of law. If the motion had been granted, the trial of course would have been completed. The denial of the motion completed a part of the trial." (P. 496; italics added.)[2]

The rationale of both *Clements* and *Katleman* would appear to be this: that under some circumstances there may be within the purview of section 583 a commencement of a trial without the taking of testimony.[3] We detect a reprise of this theme in the *Kadota* case, also authored by Justice Dooling, where the trial was by jury. *Kadota* did not reach, and we need not here decide, the question whether there may be a commencement of a jury trial without the examination of prospective jurors, as well as without the taking of testimony.

In our view, both *Clements* and *Katleman* are distinguishable from the case at bench. Each of the first two cases was actually *called* for trial and counsel indicated a readiness to proceed. In each of them counsel made an opening statement to the court—plaintiffs' counsel in *Clements* and counsel for both parties in *Katleman*. In the case before us, on the contrary, although the action had been set for trial for May 1,

[2] A petition for hearing in the Supreme Court was not filed in either *Clements* or *Katleman*.

[3] Witkin makes the following comment anent *Clements, supra,* and *Kadota, supra*: "Despite the general belief that the action is not brought to trial within the meaning of C.C.P. 583 until at least one witness is sworn . . ., some other preliminary or formal steps may now be regarded as sufficient to avoid dismissal." (2 Witkin, Cal. Procedure, 1961 Supp. p. 150.)

1963, it was not *called* for trial, the court even observing that it "was very careful not to call the case for trial." At no time, in the instant case, did counsel for the parties represent that they were ready for trial; in fact, the record indicates the contrary. In *Clements*, the court concluded that the action had been brought to trial under the holdings in new trial cases because *defendant* therein had moved for a nonsuit after plaintiffs' opening statement thereby preventing plaintiffs from presenting evidence. No such or similar motion was made by *defendants* in the instant case. Indeed, here it was not *defendants*, but *plaintiffs*, who by their amendment to the complaint set in motion the events eventually resulting in the postponement of the trial. In *Clements*, plaintiffs called to the court's attention the fact that the statutory five-year period was about to expire, requested permission to take some testimony so as to start the trial, and were refused permission by the court. Here, a jury would have had to be impaneled before testimony could be taken. Nevertheless, it must still be noted that plaintiffs made no mention of the expiration of the five-year period and no request for the taking of testimony, albeit this would involve the cumbersome details of first impaneling a jury and then continuing the trial.[4]

In *Katleman*, a motion for judgment on the pleadings was made not in any preliminary proceedings but after the case had been called for trial, and counsel had answered ready and made statements to the court. No such or similar motion was made in the case at bench under the same circumstances.

Whatever enlargement of the concept of the commencement of a trial may have evolved from the *Clements* and *Katleman* cases, it is clear to us the particular proceedings of May 1, 1963, in the case at bench do not fall within its compass. As harsh as the result must be, we find ourselves constrained to hold that the action was not brought to trial on such date.

We turn to consider the proceedings for summary judgment. Defendants' motion for a summary judgment was filed on July 15, 1960, a little over two years after the commencement of the action. It was denied. Although, as it is held in *Southern Pacific Co.* v. *Seaboard Mills* (1962) 207

---

[4]The record before us is barren of any mention by court or counsel of the imminent expiration of the five-year period and so far as the record discloses, all parties seemed to have been totally oblivious of it.

Cal.App.2d 97 [24 Cal.Rptr. 236], cited by real parties in interest, the *granting* of a motion for summary judgment is a trial within the meaning of section 583,[5] it is obvious from the authorities reviewed by us earlier that the *denial* of such motion does not have the same result. Indeed the court in *Southern Pacific* so states: "The mere hearing of a motion for summary judgment is not a partial trial because it is concerned only with issue finding. However, in the event a court finds that there are no issues of fact to be determined, it must then make a determination as to whether the uncontroverted facts justify granting of the motion in favor of the moving party. [Citations.]" (P. 103.) Thus it is clear that the denial of the motion in the instant case was merely a determination that there were triable issues of fact and that it was by no means a "final determination of the case." (*Berri* v. *Superior Court, supra,* 43 Cal.2d 856, 858; *Adams* v. *Superior Court, supra,* 52 Cal.2d 867, 870.) Accordingly the proceedings therefor did not bring the action to trial.

Finally, real parties in interest assert that petitioners are estopped to urge dismissal of the action. We have difficulty discerning the precise basis on which they seek to raise such an estoppel. A rather general and vague claim is made that "the defendant and his counsel actually sought to defeat the true purpose of the statute and employ a strategy under the guise of motions addressed to the court to obtain a delay and thus provide them with an opportunity to come within the letter of the statute and thus avoid a trial upon the merits." As we have pointed out, it was not defendants who addressed motions to the court but plaintiffs, who by their motion to amend the complaint appear to have triggered this entire procedural incident. The attempts of real parties in interest to find an excuse and therefore relief by estop-

---

[5]The court in *Southern Pacific, supra,* adverted to the holding in *Smith* v. *City of Los Angeles* (1948) 84 Cal.App.2d 297 [190 P.2d 943] to the effect that the sustaining of a demurrer without leave to amend constituted a trial within the meaning of Code of Civil Procedure section 583. Observing that a motion for summary judgment, like a demurrer, is a pleading but distinguishable from a demurrer in that the latter is confined to the pleadings whereas the former, although necessarily referring to other pleadings, also questions the proof, the court concluded that "it seems unquestionable that a 'trial' in a more fundamental sense has been accomplished on the granting of a motion for summary judgment than on the sustaining of a demurrer without leave to amend. We therefore hold that the actions here were brought to trial." (P. 104.)

pel in the conduct of petitioners is fully answered by the court in *Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 339-340 [219 P. 1006]: "The language of the code section under consideration is simple and direct and expressly provides the means whereby litigants may extend the statutory period. It is argued by plaintiffs that despite the apparently plain import of the language used ... nevertheless such time may be otherwise extended—that is to say, by words and conduct on the part of the defendants constituting a waiver of the right to dismiss. . . . The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties." ██ As the court stated in *Preiss* v. *Good Samaritan Hospital* (1959) 171 Cal.App.2d 559, 563 [340 P.2d 661]: " 'Before estoppel can arise here there must have been a duty to act and a failure to act in accordance with the duty; some act in the nature of prevention.' (*Continental Pac. Lines* v. *Superior Court*, 142 Cal. App.2d 744, 754 [299 P.2d 417].) ██ 'The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.' (*Oberkotter* v. *Spreckels*, 64 Cal.App. 470, 473 [221 P. 698].) " (See *Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 493-496 [24 Cal.Rptr. 8].)

Let the peremptory writ of prohibition issue as prayed.

Bray, P. J., and Molinari, J., concurred.