[Civ. No. 24721. First Dist., Div. Two. Feb. 18, 1969.]

ELMER B. HARTMAN, Plaintiff and Appellant, v. GORDON H. BALL, INC., Defendant and Respondent.

Peter A. Ribar for Plaintiff and Appellant.

Connolly & Hills, William J. Connolly and Frank S. Hills for Defendant and Respondent.

SHOEMAKER, P. J.—Plaintiff appeals from a judgment of dismissal and from an order granting defendant's motion for mistrial. The latter order is nonappealable but may be reviewed on appeal from the judgment. (*Reimer* v. *Firpo* (1949) 94 Cal.App.2d 798, 801-802 [212 P.2d 23].)

The complaint to recover damages for personal injuries allegedly sustained on October 8, 1960, as a result of the

negligence of defendant Gordon H. Ball, Inc., was filed on October 6, 1961.

Defendant was served on September 29, 1964, and filed its answer on October 27, 1964. On September 7, 1966, plaintiff filed a memorandum to set the case for trial and a motion to advance the pretrial conference and trial date on the ground that the five-year period within which the action was required to be brought to trial under Code of Civil Procedure, section 583, was about to expire. On September 12, 1966, the court scheduled the pretrial conference for September 16, 1966, and the trial for September 20, 1966. However, defendant's counsel subsequently advised the court that he would be engaged in another trial on the date set and filed a stipulation extending the five-year period within which the action was required to be brought to trial from October 6, 1966 to November 9, 1966.

Trial commenced on November 9, 1966. On the third day of trial, November 15, 1966, the court granted defendant's motion for a mistrial on the ground of misconduct on the part of plaintiff's counsel, and discharged the jury.

On December 30, 1966, defendant filed a motion to dismiss the action, asserting that (1) dismissal was mandatory, under Code of Civil Procedure, section 583, because the action had not been brought to trial within the five-year period as extended by stipulation; (2) it was not in the interests of justice to allow plaintiff a second trial when it was the misconduct of his own counsel which had caused the first trial to end in a mistrial more than five years after the action was commenced; and (3) dismissal of the action was appropriate as an exercise of the court's discretion.

 By order of January 20, 1967, the court granted the motion to dismiss on the grounds that (1) plaintiff had failed to bring the action to trial within the mandatory five-year period specified in Code of Civil Procedure, section 583, and (2) plaintiff had not prosecuted the action with reasonable diligence. In connection with the latter ground, the court's written comment accompanying the order of dismissal indicates that it took into consideration the fact that plaintiff had delayed almost three years between filing the action and serving defendant; that nearly two more years had elapsed before plaintiff, without discovery or other preliminaries, had moved to advance the case for trial without offering any excuse for the prior delay; and that on the third day of trial, a mistrial had been declared because plaintiff had "sought to adduce

patently and fundamentally inadmissible and prejudicial evidence.'' The court concluded that it ''does not believe it has the power, were it so inclined, to further prolong this litigation by bringing it again to trial.''

*Mastelotto* v. *Harbor Box & Lbr. Co.* (1959) 170 Cal.App.2d 429 [338 P.2d 988], disposes of any possibility that the dismissal was proper under Code of Civil Procedure, section 583. In that case, the action was originally brought to trial four years after it was commenced, but a mistrial was declared as a result of the misconduct of plaintiff's counsel. Some 15 months later, and more than five years after the action was commenced, plaintiff filed a memorandum for setting and obtained a trial date some six months hence. Defendant then moved for and obtained an order dismissing the action. The appellate court held that since the action had been partially tried within five years after it was filed, the mandatory dismissal provision of Code of Civil Procedure, section 583, was inapplicable and the court was without power to dismiss the action on that ground. The court further held that the dismissal could not have been based upon that provision of Code of Civil Procedure, section 583, which authorized the court, within its discretion, to dismiss an action which had not been brought to trial within two years because that provision was also inapplicable where the action had in fact been partially tried and less than two years had elapsed following the granting of the mistrial.

In *Mastelotto*, the court declined to consider whether the trial court could have exercised its inherent power to dismiss the action for the plaintiff's unreasonable delay in bringing it on for further trial following the partial trial. The court pointed out that this question was not before it because the order of dismissal was expressly based solely upon Code of Civil Procedure, section 583.

The second ground specified in the trial court's order dismissing the action was that the plaintiff had not prosecuted the action with reasonable diligence. This specification presents the question whether, under circumstances found here, the court was justified in exercising its inherent power to dismiss for plaintiff's delay in bringing the action on for further trial.

Research discloses one California case, *Holt* v. *Pardue* (1960) 178 Cal.App.2d 528 [3 Cal.Rptr. 225], where the trial court was held to have properly exercised its inherent power to dismiss an action for plaintiffs' failure to promptly retry it

following a partial trial. In that case, the plaintiffs' action was filed in the municipal court in August 1955, and trial was commenced in September 1957. Plaintiffs sought, at the commencement of the trial, to amend their complaint so as to seek greater damages, but defendant opposed the motion because the amendment would compel transfer to the superior court and would result in delay. After the court had denied the motion to amend, the case proceeded to trial, but the jury was unable to agree. During the period between September 1957 and February 1958, plaintiffs made no motion to reset the cause for trial. However, on February 18, 1958, they renewed their motion to amend the complaint. Although defendant opposed the motion on the ground that it was intended solely to delay the action and to make it impossible for defendant to produce critical witnesses, the court granted permission to amend, and the cause was transferred to the superior court in March 1958. In April 1958, defendant moved for dismissal of the action on the ground of unreasonable delay in bringing it to trial and filed affidavits which set forth facts indicating that plaintiffs and their attorney, both before and after the abortive first trial, had wilfully engaged in a dilatory course of conduct designed to harass and prejudice defendant. In May 1958, the court granted defendant's motion and dismissed the action.

On appeal from the judgment of dismissal, the appellate court held that dismissal was not proper under either the five-year or two-year periods specified in Code of Civil Procedure, section 583, but that the dismissal was nevertheless justified as an exercise of the trial court's inherent power to dismiss for unreasonable delay following the first trial. Although the court pointed out that the delay of approximately six months would not ordinarily be considered such a lack of diligence as to warrant dismissal, the court concluded that the trial court was entitled to consider defendant's assertions of serious prejudice, wilful delay on plaintiffs' part and related matters disclosed by defendant's affidavits. Under the particular circumstances, the trial court could not be said to have abused its discretion in exercising its inherent power to dismiss.

In the instant case, although the record discloses that plaintiff waited until virtually the last possible day before he originally brought the case to trial, the record does not show that such delay was wilful or designed to harass or prejudice defendant. Following the declaration of mistrial, only a month and a half had elapsed before defendant moved for dismissal. Although defendant suggests that the dismissal was

proper because the trial court was justified in concluding that plaintiff's counsel had deliberately engaged in the misconduct which resulted in the mistrial, the proper remedy for such misconduct, even if intentional, lay in the declaration of mistrial. The record does not justify dismissal of the action merely because plaintiff failed, for a period of a month and a half, to bring the action on for retrial. However, upon remand, the trial court may take whatever steps it deems necessary and appropriate to assure against further delays and require plaintiff to bring the cause on for retrial at the earliest possible date.

The purported appeal from the order granting defendant's motion for mistrial is dismissed, and the judgment of dismissal is reversed. Appellant to recover costs on appeal.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied March 20, 1969.